Chief Justice Robertson
delivered the Opinion of the Court.
This is a petition and summons against the defendants in error, on a note purporting to have been given by them and George Roberts to the Bank of the Commonwealth. They pleaded that they had signed a blank note dated in August—the true date of their signatures; and that, afterwards, without their authority or knowledge, the date was altered, and the name of Roberts inserted, as a co-obligor. And, issue having been taken upon those facts, they proved, that some date,¿jit August, which had been erased, but was still legible, had been written with ink of the same kind and color as that with which their names had been subscribed, and that the substituted date had been apparently written when the note was filled úp; and also, that the name of Roberts had been inserted in their absence, and not until about the time of the presentation of the note for discount, which was at least two months after they had signed it. But facts were also proved, which conduced to show that, when the names of the defendants were subscribed, they intended to be only the sureties of Roberts.
The circuit judge, having instructed the jury, in substance that, if they should believe the foregoing facts, they ought to find for the defendants—a verdict and judgment were accordingly rendered, in bar of the suit.
By signing the blank paper and delivering it, McChord and Payne gave an implied authority to fill it up with any sum. And, as it was not an obligation as long as*rt remained a blank and in fieri, the insertion of another co. obligor was not inconsistent with the general authority, resulting by implication of law, and was certainly no alteration of their obligation; because the paper defined no *192 obligation until it had been filled and delivered to íhé bank; until which, it was a carte blanche, except so far as it was circumscribed by mercantile law and usage, and by what appeared upon it when it was signed by themselves. In the case of Penick vs. the Bank of Limestone, the note, when signed by Penick, was a full and perfect obligation; and therefore there could have been no implied authority to alter or add to it after he had. subscribed his name; and consequently, when the name of another party was afterwards added, it was not, as this court decided, the same obligation it was when he became bound. But in this case, there having been no definite obligation until after the blank had been filled, and the simple fact, that two persons onlyjhad subscribed, not implying that they were to be the only obligors, the superaddition of another name did not change their obligation, and was not inconsistent with the act of signing a blank paper, especially, as there is some ground for inferring that they signed the blank with the expectation that they were to be bound only as the sureties of Roberts.
But if the date was not blank, there was not, we think, any implied authority to make the note of any other date than that which was affixed when McChord and Payne signed the paper. And if, therefore, the date was afterwards changed without their consent, the note, with such substituted date, was not that which they had subscribed; and consequently, however unimportant the alteration may be deemed to have been, the plea of non est factum was sustainable. £. The instruction given by the circuit judge, at the in. stance of the defendants, is, therefore, not considered erroneous.
But there was error in refusing to instruct the jury on the motion of the plaintiff, that there was an implied authority to add the name of Roberts, as a co-obligor.
And, as this Court cannot know the ground on which the jury found their verdict, the refusal to give that instruction, asked by the plaintiff, must be deemed prejudicial.
Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.