INGLISH ET AL. *vs.* BRENEMAN.

A promissory note, payable two years after date, is delivered by the makers to the payee—a blank is left for the date; after the delivery, the blank is filled by the holder with a day prior to the delivery, without the knowledge or consent of the makers. It seems such note is void.

It is immaterial who makes such an alteration, the note ceases to be the same obligation. The changing, erasing, or insertion of a date, is followed by the same consequences.

Any alteration of any instrument in a material part, avoids it; and this rule is founded in good policy, and protects such instruments from violation.

If, when delivered, the note was perfect, an alteration would be as much effected by inserting a date, as by changing it.

Date is not necessary to the validity of a note—date is computed from the delivery.

Date is *prima facie* evidence of the making on the day of the date. Any alteration of an instrument in a material point, whether for the benefit of the payor or not, without his consent, vitiates it.

Where the date has no reference to the time of performance, it is of no consequence; and so if inserted to declare the real intention of the parties; or, if inserted at the time of actual delivery.

The filling up of a blank date in a promissory note by the holder, to whom it had been delivered, is an alteration.

Where a man indorses a note, with blanks for date and amount, and entrusts to the maker, he gives him a letter of credit, for an indefinite sum; and, by implication, constitutes the maker his agent to fill the blanks.

While the note is incomplete, it is not the obligation of the parties, and any alteration, effected by the person entrusted with it, is presumed to be by consent of the others; but when delivered, and has become an available security, the implied authority ceases and an authority, *in fact*, is necessary.

Upon *non est factum*, pleaded to such altered note, it devolved upon the plaintiff to prove his authority to insert the date. *Pope vs. Latham,* I *Ark.* 66, cited.

A deed cannot be delivered to the obligee as an *escrow.*

THIS was an action of assumpsit, determined in the *Pulaski Circuit* Court, at September term, 1842, before the Hon. JOHN J. CLENDEN- IN, one of the circuit judges. Breneman sued Inglish & Johnson, Wm. Cummins and L. Gibson, on a promissory note, dated 4th March, 1839, and due twenty-four months after date. Gibson was not served with process, and a discontinuance, as to him, was entered. The other parties to the note pleaded *non assumpsit,* verified by affidavit. Upon the trial, the following facts, set out in the bill of exceptions, were given in evidence: "That the signatures of the defendants and Lorenzo Gibson were genuine, and that William K. Inglish and Thomas H. Johnson were partners before, on, and after the 4th day of March, A. D. 1837, under the firm of Inglish & Johnson, and the note and endorsement thereof were read in evidence. It was further proven, that the note was given by Inglish & Johnson, to Brungard, for goods purchased by them of him; that it was signed by all the makers of it, while it bore date — day of March, A. D. 1839, and was delivered to Brungard, in the latter part of March, or early in April, 1839, the blank as to the day of the month being then unfilled. The parties were two or three weeks engaged in making out the inventory of the goods sold, having commenced doing so on the 4th day of March, 1839, or somewhere about that time. This being all the evidence in the case, the court was moved by the plaintiff to in-

struct the jury, as follows: That a party, who signs a promissory note in blank, thereby authorizes the holder to whom he delivers it, to fill it up with any date or amount, and the maker or endorser, as the case may be, will be responsible: That under the plea of non assumpsit, sworn to in this case, it devolves upon the defendant to prove that the blank date was filled up contrary to the agreement of the parties, and that the parties *did* agree upon some particular day, different from that contained in the note, and that a deed or bond cannot be delivered to the obligee as an escrow, assimilating its note in this case to a bond; and that the filling up a blank date in a promissory note by the holder to whom it is delivered, is not an alteration or erasure of it. To all which instructions the defendant objected, and moved the court to instruct the jury, that the plaintiff, in order to support the issue in this case, must have proven that the defendants executed the identical instrument offered in evidence, either by executing it in the shape it now bears, or by assenting to, or authorizing, any alteration made or to be made subsequent to the signing it: That if a note is executed, dated in blank, and delivered to the payee, and the payee fills up the blank with a date prior to the time of the actual delivery of it, it devolves upon the payee to prove an authority to fill such blank, or the assent of defendants to such filling up; and that the blank being filled after the note was delivered, the presumption is, that it was filled up by the payee or assignee having the custody of it, and that an alteration in a material part by either, without the consent of the defendants, prior or subsequent, avoids the note: whereupon the court refused to give the instructions asked by the defendants, and gave all the instructions asked by the plaintiff. To the giving such instructions and refusing the others, defendants excepted. The jury found for the plaintiff. The case came here by writ of error.

*Cummins, Trapnall & Cocke*, for plaintiffs,

*Ashley & Watkins*, contra.

*By the Court*, SEBASTIAN, J. The only question raised by the bill of exceptions is, whether the filling up of the blank for the date

was such an alteration as avoided the note.   The evidence fully es-
tablishes the fact, that the blank for the date was unfilled when final-
ly delivered to Brungard, and that the date was afterwards inserted
either by him, or by Breneman, as, in the absence of evidence to
the contrary, the legal presumption is, that it was inserted by one
who had the legal custody of the note.   According to the view
which we entertain, it is immaterial whether the alteration were by
them, or by any other person, as it would not then be the same obli-
gation, and this is the question raised by the pleadings.   *Masters vs.
Miller*, 4 *Term Rep.* 320.   It is quite immaterial whether the altera-
tion is effected by the changing, erasing, or inserting a date, the
legal consequences are the same.   The principle extracted from all
the cases is, that any alteration in a material part of any instrument
or agreement, avoids it, because it thereby ceases to be the same in-
strument.   It is a rule, founded in good sense and policy, and pro-
tects the integrity of such instruments from violation by refusing to
alter them.   Every sanction to their safety and uninterrupted circu-
lation, free from alteration, should be afforded.   If the note, when
signed and finally delivered by the payors to the payee, was perfect
and of legal obligation, an alteration could be effected as well by the
insertion of a date, where it had been omitted, as by the changing
of a date, already affixed, because, then the obligation of the parties
is altered.   The date was not necessary to the validity of the note,
and in that shape, after delivery, it was the legal and definite obliga-
tion, and afforded a legal right of action to the payee.   *Chit. on
Bills*, 168.   *Armet vs. Breame*, 2 *Ld. Raym.* 1076.   *Giles vs. Bourne*,
6 *M. & S.* 73.   2 *Chit. Rep.* 300.   *Lansing vs. Gains*, 2 *J. R.* 300,
and numerous cases which establish the principle mentioned, and
that the date in such cases, is computed from the delivery or issuing.
It is advisable in most cases to insert a date, as it has been considered
that the date is *prima facie* evidence of its having been made on the
day of the date.   *Taylor vs. Kinlock*, 1 *Starkie* 175; but the ques-
tion which we are considering is not whether the note in that shape
was imperfect in form, but whether it was perfect in obligation.   The
note was due two years after date, which, according to the cases above,
was to be computed from the day of its delivery, which was about

the last of March, or first of April. The date inserted was the 4th day of March, by which the day of payment was accelerated nearly one month. The legal operation, therefore, of the note, when delivered, was not the same which it imported after its alteration. This was the very principle of the case of *Master vs. Miller*, 4 *Tenn. Rep.* 320, in which the date of an acceptance had been altered from the 26th to the 20th day of March, by which the day of payment had been accelerated, and the note held to be avoided. And the law is the same, where the alteration by the payee, without the consent of the payor, by which the time of payment is retarded. *Bank of the United States vs. Russell & Boone*, 3 *Yeates' Rep.* 391. Any alteration in a material point, whether for the benefit of the payor or not, without his consent, vitiates the instrument; and the date, though not material to give legal vitality to the note, was made material in this case, as fixing the time of payment. If the date had been immaterial, as where its office is only to fix the time of execution, and does not have any reference to the time of performance, its insertion would be of no consequence, or, if inserted only to supply or declare the real intention of the parties, it would not vitiate the note. *Atwood vs. Griffin, Ryan & Mo.* 425; or if the date had been inserted in accordance with the actual time of execution and delivery, it would not have avoided the obligation, for in such case it is still the same obligation. The application of these principles to the case was not, however, warranted by the facts before the jury, which showed no mistake to be corrected, and expressly disproved the truth of the date as evidence of the time of execution.

According to the principles before referred to, the circuit court was not warranted in charging the jury "that the filling up of a blank date in a promissory note by the holder, to whom it is delivered, is not an alteration or erasure of it." There is a class of cases where the filling of blanks is no avoidance of the note, and which will bind the other parties on the ground of a presumed or actual consent to such alteration. When a person endorses a note with blanks for date, sum, &c., and entrusts it to the maker, he thereby gives him a letter of credit for an indefinite sum, and constitutes him, by implication of law, his agent in the filling up of the blanks. *Russell vs. Lang-*

staff, 2 Doug. 516. (2 Com. Rep. S. C. 516, Vialet vs. Patton.)
Bank of the Commonwealth vs. McChord & Payne, 4 Dana's Rep.
191, and the law is the same, where one of several co-obligors in a
note, signs it in blank and delivers it to the other payee. He thereby
gives him a general authority to fill it up at his discretion.   4 Dana
Rep. 191.   The reason upon which these cases proceed is, that while
the note is incomplete and in fieri, it is not the obligation of the par-
ties, and that any alteration effected by the persons to whom it is en-
trusted, is presumed to be by the consent of the others.   This dis-
tinction pervades all the cases of implied authority.   But as soon as
the instrument is complete by passing into the hands of another per-
son, and becomes an available security, such implied authority ceases,
and an authority, in fact, is necessary; because any alteration then
made without the consent of the other parties, either changes their
contract, or creates an obligation where none subsisted before, and
such was the ground upon which the case of Crutchly vs. Mann, 5
Taunt. 534, was decided.   In that and many other cases cited at
the bar, where parties have been held bound, alterations after the
negotiaton of the note, they were so declared, not because it was the
case of a blank, but because there was an express authority to fill it.
When, therefore, the note in this case was in the hands of any one
of the co-obligors before delivery, it would have been competent for
any one of them, to whom it was entrusted, to have filled up the
blank, because this was not inconsistent with the general authority
resulting by law, and the whole matter might be said to be still in
fieri; but as soon as it was delivered to the payee, it was beyond their
control, and Brungard having accepted it in that condition, as per-
fect, was not at liberty, without the assent of the payors, to insert a
date different from the true date.   It therefore devolved upon the
plaintiff to prove his authority to insert the date of 4th March, which
he failed to do.   Upon general non est factum, the proof lies upon
the plaintiff. Pope vs. Latham, 1 Ark. Rep. 66.   We therefore think,
that the court erred in overruling all of the instructions, which the
defendants asked, and erred also, in giving all the instructions asked
by the plaintiff, except so far as he charged the plaintiff, that a deed
cannot be delivered to the obligee as an escrow.   The circuit court

should have told the jury that, in such case, no authority was implied by law, but that it requires express authority to fill up the date, which might be proved by direct testimony, or inferred from circumstances. Inasmuch as the instructions of the court probably influenced the jury materially, in their finding, we must reverse the judgment, and remand the case for a new trial, with instructions to be proceeded in, according to law, and not inconsistent with this opinion.