RAINBOLT v. EDDY.

1. Promissory note: ALTERATION: ONUS. The alteration of a promissory note by filling a blank left therein, so as to make the note draw ten per cent interest, will not affect its validity in the hands of a *bona fide* indorsee, for value before maturity.

2. —— The *onus* is upon the defendant to show, that such purchaser had notice of the facts at the time he received the note.

*Appeal from Story Circuit Court.*

THURSDAY, JULY 25.

ACTION upon a promissory note for $213, made by defendant, October 11, 1869, payable twelve months after date, with ten per cent interest, to the order of E. S. Howe, and indorsed by the payee, in blank. Defense, that the note had been altered in a material part, by writing the words "ten pr ct inst," in a blank in said note, after the same was executed and delivered, so as to increase defendant's liability, and of which plaintiff had knowledge before he purchased the note. Trial to the court, and judgment for the defendant. The plaintiff appeals.

*N. A. Rainbolt, pro se,* and *J. S. Frazier* for the appellant.

*D. W. Gage* for the appellee.

COLE, J. — There is no question made as to the fact, that the note sued upon was altered by the payee after delivery, and without the maker's consent, by inserting the words "ten pr ct inst," thereby increasing the maker's liability. It is also conceded that the alteration was made by inserting the words in a blank, left in the note when executed, and was done in such a manner as not to afford suspicion of any alteration, or the means of detecting it.

The plaintiff acquired the note before maturity; he testified positively that when he bought it, he supposed it was all right. The defendant testified to facts, tending to show that plaintiff had knowledge of the alteration; but does not fix the date these facts transpired, so as to render it at all certain that it was before the plaintiff bought the

note. Since the defendant by executing a note, and delivering it with a blank in it, for the insertion of the interest, and thereby placed it in the power of the payee to do the wrong, as between him and the plaintiff, a *bona fide* purchaser for value, he ought to suffer any loss resulting therefrom; especially as he fails to show directly any notice to plaintiff of the alteration. *Lickarrow* v. *Mason*, 2 Term R. 70; *McCramer* v. *Thompson*, 21 Iowa, 244 (*i. e.*, 249); *McDonald* v. *Muscatine National Bank*, 27 id. 319. See, also, *Hall* v. *McHenry*, 19 id. 521, and *Murray* v. *Graham*, 29 id. 520. The judgment will, therefore, be reversed, and the cause remanded for trial *de novo*.

Reversed.