HOOPES, ASSIGNEE, v. COLLINGWOOD ET AL.

In an action on a promissory note by an indorsee, where the defense
   was that the interest clause in the note, when delivered to the
   payee, read as follows:  "With interest at —— per cent. per ——
   from —— until paid," and that the indorsee subsequently, without
   authority, filled up the blanks so as to make the note read, "With
   interest at two per cent. per month from date until paid," *held*, on
   demurrer to the answer, that the delivery of the note with such
   blanks did not impart authority in the holder to fill them, and that
   such insertions made by the indorsee without the knowledge or
   consent of the maker rendered the note void.

*Appeal from District Court, Summit County.*

Messrs. BEREMAN and JONES, for appellant.

Messrs. BULLICK and DICKSON, for appellees.

STALLCUP, C.   This is an action upon a promissory
note by the plaintiff (appellant) against the defendants
(appellees).   The complaint states that plaintiff was as-
signee of the insolvent corporation, the Bank of Brecken-
ridge, to pay its debts with its property; that defendants
upon the 17th day of February, 1881, made and delivered
for value to one W. W. Goodrich their promissory note
at eleven days for $744.12; that Goodrich, for value, be-
fore maturity, sold and transferred this note to the Bank
of Breckenridge, which bank afterwards transferred and
assigned to plaintiff for purpose aforesaid; that the note
is due and unpaid.   Prays judgment for the amount and
costs.   The answer, all the defendants answering jointly,
states that they made to Goodrich their certain promis-

sory note bearing date of February 17, 1881, whereby they promised to pay him eleven days thereafter said sum of $744.12, but deny it was for value, and allege it was for accommodation, and deny receipt of any consideration; and further say they made the note in writing in these words and figures:

"$744.12.        BRECKENRIDGE, COLO., February 17, 1881.

"Eleven days after date we promise to pay to the order of W. W. Goodrich seven hundred and forty-four an 1 12–100 dollars, with interest at —— per cent. per —— from —— until paid.        "E. J. COLLINGWOOD.

"GEO. H. BRESSLER.

"R. B. STAPP.

"W. J. SWIFT."

That this note was delivered to said Goodrich in those words and figures. That said Goodrich indorsed said note over to the bank, but they have no knowledge, etc., as to whether or not the bank purchased said 'note or paid value. That, at the date of this transaction, one Allen was a director, stockholder, and the cashier of said bank, and then and there materially altered said note, and changed defendants' liability, by inserting the word "two" between the words "at" and "per cent.;" the word "month" between the words "per" and "from," and the word "date" between the words "from" and "until;" thereby making the note read, "with interest at two per cent. per month from date until paid." That such alteration was without the knowledge or consent of defendants, and was a forgery and fraud upon the defendants, and the note was thus rendered null and void. That they repudiated this alteration, and refused to pay, as soon as they learned that it was altered. Plaintiff demurred for that the facts pleaded in the answer were not sufficient to constitute a defense. This demurrer was argued, and the court overruled the same; and, the plaintiff standing upon and abiding by his demurrer, judgment was rendered for defendants and against the

plaintiff, to which plaintiff excepted.    The plaintiff then appealed to this court.

The demurrer admitted all the facts well pleaded in the answer.    So we have the case.    The note was made and delivered to payee as shown above, before maturity.    It was indorsed by the payee to the bank, and was then and there filled up by the bank, without the knowledge or consent of the makers, so that it reads, "with interest at two per cent. per month from date until paid."    The questions presented by the assignment of errors and the argument of counsel here are:

1. Does such a note, with such blanks, thereby carry authority to the purchaser thereof to fill the blanks in the manner here shown, whereby the rate of interest is changed from the legal rate, viz., ten per cent. per annum, to twenty-four per cent. per annum?    We answer not.    *Rainbolt v. Eddy*, 34 Iowa, 440; *Bank v. Stowell*, 123 Mass. 196; *Holmes v. Trumper*, 22 Mich. 427.

2. Is the note vitiated and avoided by such change in its terms by the purchaser, without the knowledge or consent of the makers?    We answer that it is, for thereby it ceases to be the promise they made, and the effect is the extinguishment of the promise.    1 Greenl. Ev. § 565; *McGrath v. Clark*, 56 N. Y. 35; *Inglish v. Breneman*, 5 Ark. 377; *Coburn v. Webb*, 56 Ind. 96.

The judgment in the case ought to be affirmed.

RISING and MACON, CC., concur.

PER CURIAM.    For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*