## MASTERS *v.* CLARK.

### Opinion delivered February 1, 1909.

1. ESCROW—DELIVERY ON CONDITION.—Deposit of a deed in a bank to be delivered on the joint order of the grantor and grantee does not constitute an escrow. (Page 193.)

2. MORTGAGE—TITLE.—Where a grantor executed a deed conveying certain land, and took a mortgage thereon from the grantee obligating the latter to perform a certain condition, the grantee acquired an interest which became absolute upon performance of the condition, and was subject to a mortgage which had been previously executed. (Page 194.)

3. SAME—PRIORITY.—A executed a deed conveying land to B, who mortgaged the land to C, and sold it to D, and, to save expense, had A execute a deed direct to D, the deed to B being unrecorded. *Held,* that D took subject to C's recorded mortgage. (Page 194.)

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Rice & Dickson,* for appellant.

1. The deed and mortgage were *escrows,* of no effect and conveyed nothing. The mortgagee of a grantee in *escrow* takes no title. 30 Ark. 61; 7 L. R. A. (N. S.) 714.

2. The record of a deed not in the chain of title is not notice to subsequent purchasers. 76 Ark. 525.

3. Actual notice of a mortgage not recorded does not renrender a subsequent purchaser liable for the payment, nor can the lands be held for the debt. 40 Ark. 536; 33 *id.* 203.

*McGill & Lindsey,* for appellee.

1.   An escrow will vest the title to land when the conditions are performed, and, if justice requires it, the title vests as of the date of the execution of the deed.  11 A. & E. 346 *et seq.;* 1 Johns. Ch. 288; 93 U. S. 127.

2.   Where a grantor subsequently acquires title to land, it passes to his grantee or mortgagee.  Kirby's Digest, § 734; 47 *Id.* 111.

3.   The mortgage was not outside the chain of title.  It cannot be treated as an unrecorded mortgage.  61 Ark. 123.

4.   The deed was not an escrow; the control of it never passed from the grantors.  11 A. & E. Enc. Law, 330, 344; 1 Paige, Ch. 385.

5.   Moutray had an interest he could mortgage.  1 Jones on Mortg. § 136 *et seq;* 13 Ark. 533.

BATTLE, J.   On the fifth day of February, 1906, I. T. Kibler traded a farm, consisting of one hundred and forty-two acres, a tract of thirty acres and two lots in Gentry, all in Benton County, in this State, to J. W. Moutray for three residences and four lots in El Dorado Springs, in Missouri, and a farm of eighty acres near that place.  Moutray agreed to pay Kibler two thousand dollars in addition to the real estate he was to receive for the difference in value of property traded.  The title of Moutray to a part of the Missouri property was defective, it being held by a tax title.  Kibler executed a deed to Moutray for the Arkansas lands, and Moutray executed a mortgage of the farm of 142 acres to Kibler to secure the payment of $1,400 of the purchase money, and they, Kibler and Moutray, placed the deed and mortgage in the Bank of Gentry to be held until the title to the Missouri property should be made good, and until both parties should consent and order that they be withdrawn.  The parties exchanged possession of property.  Moutray placed a tenant on the farm of 142 acres, bought farming implements and other property needed for the cultivation of the farm from A. A. Clark, and placed them on the farm, and executed to Clark, on the 13th of April, 1906, a note for $340.78 therefor, and secured the same by a mortgage on the farm of 142 acres, which was acknowledged and duly recorded on the 14th of April, 1906.

On the 8th of September, 1906, Moutray traded the farm

of 142 acres to W. T. Masters, who was purchasing for himself and Elizabeth Campbell, for a residence of Masters in El Dorado Springs, Missouri, and other property unnecessary to describe. Deeds for the property were to be executed and placed in a bank of El Dorado Springs to be exchanged when Moutray satisfied Kibler as to the title of the property sold to him by Moutray. Through the assistance of Masters, Moutray borrowed $1,500, and with $1,400 of it paid and satisfied the mortgage that he executed to Kibler, and caused the title to the Missouri property to be made good as he had agreed to do, and he and Kibler sent their joint order to the Bank of Gentry for the papers deposited there by them, which were sent to El Dorado Springs, and by an agreement of all parties, for the purpose of saving expense, Kibler executed a deed directly to Masters and Campbell for the farm of 142 acres, and Masters took possession of farm.

In May, 1907, Clark instituted suit against Moutray, Masters and Campbell to foreclose his mortgage on the farm. And after hearing the evidence the court rendered a decree in favor of Clark against Moutray for his debt and ordered that the farm of 142 acres be sold to pay the same; and Masters and Campbell appealed.

Appellants contend that the deed and mortgage deposited in the Bank of Gentry by Kibler and Moutray were escrows, and were of no effect and conveyed nothing. Are they correct? "An escrow" is defined to be "a written instrument, which by its terms imports a legal obligation, deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third person, that is, a person not a party to the instrument, such as the grantee, promisee, or obligee, to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered over to take effect." (16 Cyclopedia of Law and Procedure, 561.) To constitute an instrument an escrow, it is absolutely necessary that the deposit of it should be irrevocable; "that is, that when the instrument is placed in the hands of the depositary it should be intended to pass beyond the control of the grantor for all time, and that he should actually lose the control of and dominion over the instrument; for, in case the deposit is made in furtherance of a contract between the parties, the contract must be so complete that it remains only for

the grantee or obligee or another person to perform the required condition, or for the event to happen, to have the instrument take effect according to its import." (16 Cyclopedia of Law and Procedure, 568, and cases cited; 11 Am. & Eng. Encyclopedia of Law (2 Ed.), 336.) In this case the instruments were not deposited to be delivered on the happening of a certain event or the performance of a condition, but to be delivered on the joint order of the grantor and grantee. They were still within their power to cancel or modify; they had not received any permanent force, but were still within the control of the parties. They were not escrows.

Moutray took possession of the Arkansas farm conveyed to him by Kibler and proceeded to cultivate it. He made himself secure in so doing by the agreement that the instruments deposited in the Bank of Gentry should not be withdrawn without his consent, that is, the joint order of himself and Kibler. Kibler delivered to him the property, and virtually bound himself to convey it when Moutray performed a certain condition. Moutray thereby acquired an interest which became absolute upon the performance of the condition, and was subject to mortgage. (1 Jones on Mortgage (6 Ed.), §§ 136, 137.) As such interest grew, the mortgage expanded with it and held it within its grasp.

Moutray sold the farm to Masters and Mrs. Campbell, paid and satisfied the mortgage he executed to Kibler, and made the title to the Missouri property good and satisfactory. His title to the farm became full, complete and absolute; and he caused Kibler to convey it to Masters and Mrs. Campbell.

Appellants insist that the record of the mortgage executed by Moutray to Clark was no notice to them, because neither Moutray nor Clark appear in the record chain of title to the farm of 142 acres. That is not correct. They purchased from Moutray, and not from Kibler. They acquired the interest of the former, and stood, in legal effect in the same attitude they would had Kibler conveyed to Moutray and he to them. His relation to the property warned them that it would be well to examine the record for incumbrances by him.

Decree affirmed.