[No. 7866.]

## AYRES ET AL. V. WALKER.

ALTERATION OF WRITING—*Filling Blanks—Effect*—A promissory note, blank as to the rate of interest and the time from which interest is to be computed, is subscribed by the principal maker, and the sureties, and delivered by the principal to the payee named therein. The payee, without authority of the sureties, fills the blanks and advances money thereon to the principal. The alteration is a material one, and the instrument is thereby avoided.

*Error to Pueblo District Court.*—Hon. C. S. ESSEX, Judge.

Mr. W. S. PALMER and Mr. LYMAN I. HENRY, for plaintiffs in error.

Mr. W. O. PETERSON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In this case suit was instituted by the defendant in error as plaintiff below, on a promissory note in words and figures as follows:

"$300.00                              Pueblo, Colo., Nov. 4, 1910.

On or before one year after date for value received, I, we or either of us, promise to pay to the order of C. C. Walker, Pueblo, Colorado, three hundred no-100 dollars. To bear interest at the rate of two and one-half per cent. per month from date until paid. And further hereby agree that if this note is not paid when due to pay all costs necessary for collection, including ten per cent. for attorney's fees.

Interest payable monthly.

No. 1 due.......................

WILL W. WALTER,
CHAS. W. AYRES,
C. W. WALTER."

The defendants admitted the execution of the note in the amount named, but alleged that when the note was signed by the defendants, Chas. W. Ayres and C. W. Walter, the rate of interest, term of interest payment and time from which the interest should date, were in blank, in other words, that when these defendants signed the note it read as follows:

"$300.00                              Pueblo, Colo., Nov. 4, 1910.

On or before one year after date for value received, I, we or either of us, promise to pay to the order of C. C. Walker, Pueblo, Colorado, three hundred no-100 dollars. To bear interest at the rate of ............ per cent. per............ from ..................... until paid and further hereby agree that if this note is not paid when due to pay all costs, necessary for collection, including ten per cent. for attorney's fees. Interest payable ......................

WILL W. WALTER,
CHAS. W. AYRES,
C. W. WALTER."

The three defendants testified in substantial conformity with the allegations of the answer, including want of knowledge upon the part of the plaintiffs in error, of the change, or consent to the change, made by the filling in of the blanks as appears by the form of note sued on. The plaintiff testified that the note was as appears in the complaint, when presented for signatures.

The defendant Will W. Walter, principal obligor, took the note to the sureties Chas. W. Ayres and C. W. Walter, and after procuring their signatures, presented it to the plaintiff and received the money represented by its face. The defendant, Will W. Walter, testifies that the rate of interest and other matters represented by the blank spaces were filled in by the plaintiff after it was returned with the signatures of the other defendants. The plaintiff denies this statement. The defendant Will W. Walter pleaded a discharge in bankruptcy and was dismissed as a defendant.

Over the objection of the defendants the court instructed the jury in substance as follows:

Instruction 5 instructs the jury that if they find from the evidence that at the time Ayres and C. W. Walter signed the note there were no unfilled spaces and that the same was filled in and complete at that time, then the jury should find in favor of the plaintiff and against Ayres and C. W. Walter, 'for the face of the note; that is, $300 plus interest at two and one-half per cent. per month from Sept. 15, 1911, including an attorney's fee of ten per cent.; that is a verdict for the sum of $396.25.

Instruction 6 was to the effect that if the jury find from the evidence in this case that there were in the note in question at the time same was signed by Chas. W. Ayres and C. W. Walter, the unfilled blank spaces as alleged, then the presumption of law is that the note drew interest at eight per cent. per annum from maturity; and if you so find your verdict will be in favor of the plaintiff and against defendants, Chas. W. Ayres and C. W. Walter, for the face of the note; that is $300

plus interest at eight per cent. per annum from Nov. 4th, 1911, including an attorney's fee of ten per cent.; that is a verdict for the sum of $344.40.

The jury returned a verdict in the sum of $344.40, thus in effect under these instructions, finding for the defendants in their contention, that the note as signed by them did not contain the rate of interest, date from which it should run, nor the period of interest payments. This is conceded by counsel for defendant in error, who says in his brief, "under the verdict and judgment below, the plaintiffs in error were held liable on the note in the form they claim it was when they signed it."

The contention of plaintiffs in error, is that the alteration of the note by the plaintiff, in the manner suggested, invalidated the whole contract as to the defendants Chas. Ayres and C. W. Walter. Our statute provides that:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." Sec. 4587, Rev. Stat., 1908.

The statute likewise provides that any alteration as to date, rate of interest or time or place of payment is such a material alteration. Sec. 4588, Rev. Stat., 1908.

It will be seen that this note was not in the hands of a holder in due course, but was in the hands of the original payee, who brought the suit, hence, under the statute, if the note was altered after being signed and after coming into his hands, without the consent or notice of the appealing defendants, it was as to them void, and the jury should have been so instructed.

This is an old and wise provision of the law, and the reason for it is apparent when we consider the absoluteness of

custody and control by the payee or holder, and the utter help-lessness to prevent an alteration in the case of the maker in that respect. And so the law has provided as a penalty, not only of criminal liability, but a forfeiture and cancellation of the obligation in its entirety.

This question was determined in the case of *Hoopes v. Collingwood,* 10 Colo. 107, wherein the facts were almost identical with those presented here, except that the alteration was made by the endorsee of the note. In that case the court said:

"1.   Does such a note, with such blanks, thereby carry authority to the purchaser thereof to fill the blanks in the manner here shown, whereby the rate of interest is changed from the legal rate, viz., ten per cent. per annum, to twenty-four per cent. per annum? We answer not.—*Rainbolt v. Eddy,* 34 Ia. 440; *Bank v. Stowell,* 123 Mass. 196; *Holmes v. Trumper,* 22 Mich. 427.

2.   Is the note vitiated and avoided by such change in its terms by the purchaser, without the knowledge or consent of the makers? We answer that it is, for thereby it ceases to be the promise they made, and the effect is the extinguishment of the promise.—1 Greenl. Ev. sec. 565; *McGrath v. Clark,* 56 N. Y. 35; *Inglish v. Breneman,* 5 Ark. 377; *Coburn v. Webb,* 56 Ind.'' See also 2 Cyc. 154 and authorities cited.

The instructions of the court complained of an hereinbe-fore referred to, were erroneous. The judgment is reversed and the case remanded for further proceedings in accord with this opinion.                    *Reversed and Remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.