## MOORE v. MOYE.

### Opinion delivered March 13, 1916.

1. DEEDS—DELIVERY TO THIRD PARTY—WRONGFUL DELIVERY TO GRANTEE.—
   Where a deed is delivered to a third party, not in escrow, but to be
   held subject to the further order of the grantor, a delivery of the
   deed to the grantee named, without the order of the grantor, is
   wrongful, and the grantor is entitled to have the deed cancelled as
   a cloud on his title.

2. DEEDS—DELIVERY IN ESCROW.—The deposit of a deed with a third
   party for delivery, must be irrevocable in order to constitute it an
   escrow, and if it is subject to the order of the party its delivery
   has no binding effect.

Appeal from Hot Spring Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*McRae & Tompkins*, for appellants.

1. The gist of this case is that these parties were
to exchange lands if their title was good and each was
to be given a reasonable opportunity to show that the
title was good. Appellants made and furnished an abstract showing a merchantable title according to contract.
Where a deed has been delivered in escrow, subject to a
condition that has been performed, equity will compel
the delivery thereof to the person entitled to its possession. 97 Ark. 480. Appellants were entitled to a reasonable time to perfect their title. But the abstract showed
a good title at the time the decree was rendered. This
was sufficient. 61 S . W. 899; 37 Mo. 388; 1 Paige 244; 5
*Id.* 235; 36 Cyc. 627; 2 Johnson, 594-613; 76 Atl. 1020.

2. Appellees never complied with their contract.
A party seeking relief in equity must show a substantial
compliance with his contract. 36 Cyc. 697; 23 Ark. 704;
Pomeroy on Spec. Per., § 404; 73 Ark. 491-494. Time
is often granted in equity for the vendor to perfect his
title. 76 Atl. 1020; 120 Ark. 69; 61 *Id.* 889; 103 Ark. 212-
218; 9 S. E. 252. The court below was wrong on both
the facts and the law.

*W. Morton Carden*, for appellees.

1. McDonald was only authorized to deliver the deed
upon the performance of the condition, even if the deed

was left in escrow. L. R. 20 Eq. 262; 18 L. R. A. 337, and note. There must be an assent by the grantor to deliver the deed and an assent by the grantee to accept it. 98 Ark. 466; 100 *Id.* 427; 97 *Id.* 284; 77 *Id.* 89.

2. An agreement to furnish a good abstract means one showing a good merchantable title. This was not done. Under the evidence there never was a delivery of the deed, which is essential to its validity. 77 Ark. 89; 96 *Id.* 589; 100 *Id.* 427; 74 *Id.* 104; 97 *Id.* 283; 98 *Id.* 466; 179 S. W. 334.

3. No consideration passed between the parties. No specific time was fixed or agreed upon. The law, therefore, fixes a reasonable time. 25 Ark. 138; 99 *Id.* 340; 65 *Id.* 51; 77 *Id.* 116; *Ib.* 150.

4. Defendants breached their contract and plaintiffs were released. 65 Ark. 320; 97 *Id.* 522; 78 *Id.* 336. The conditions were never complied with. The title was not marketable. 179 Ark. 334; 178 *Id.* 431; 63 Ark. 531.

5. The deed was not an escrow. It was deposited with a custodian, a mere depositary subject to the orders of the grantor. 1 Devlin on Deeds, par. 313, 273; 89 Ark. 193; 66 *Id.* 433; 98 *Id.* 466.

McCULLOCH, C. J. Appellants owned lands in Dallas County, Arkansas, and entered into an oral agreement for the exchange of those lands with appellees for certain lots in Malvern, Arkansas. Each of the respective owners executed their deeds of conveyance pursuant to said agreement and delivered the same to H. L. McDonald, the cashier of one of the banks in Malvern, to await the completion of abstracts of title. Appellants furnished an abstract of title and subsequently applied to McDonald for delivery of the deed executed by appellees, and pursuant to said request McDonald delivered the deed to appellants and the same was placed on record.

This is an action instituted by appellees against appellants in the chancery court of Hot Spring County to cancel said deed as a cloud on the title, it being alleged in the complaint that the deed was delivered without the consent of appellees and upon the false representation

made by appellants to McDonald to the effect that appellees had consented to deliver the deed. Appellants answered, alleging that the deeds had been delivered in escrow to McDonald for delivery to the respective grantees as soon as abstracts were furnished showing merchantable title to the land, which abstract had been furnished by appellants, and that the deed had been delivered to them by McDonald pursuant to the agreement with appellees. On trial of the issue the chancellor found in favor of the appellees and entered a decree cancelling the deed.

There is a substantial controversy between the parties as to the effect of the delivery of the deeds to McDonald. The contention of appellants is that the deeds were delivered in escrow, conditioned only on the furnishing of an abstract showing a merchantable title. On the other hand, it is the contention of appellees that the deeds were placed in the hands of Mr. McDonald merely to await the furnishing of a satisfactory abstract, but that each party was to have the privilege of determining whether the abstracts were satisfactory, and that the deeds were not to be delivered except upon the consent of each party. The chancellor determined this issue in favor of appellees, and we are unable to say that the testimony preponderates against that finding.

Each one of the appellees testified as to the terms of the trade, stating positively that McDonald was not to deliver the deeds to appellants until they consented thereto. In this statement they are corroborated by the testimony of others. Mr. McDonald was introduced as a witness, but his recollection does not seem to be entirely clear as to the details of the transaction, though his testimony rather tends to support the contention of appellees that he was not to deliver the deed until appellees gave him directions to do so. He stated that he held the deed until it was represented to him that appellees had consented. Mr. Moore, one of the appellants who applied to McDonald to deliver the deed, stated that he did so after having a telephone conversation in which he un-

derstood that W. H. Moye, one of the appellees, had consented to the delivery. The fact that he found it necessary to obtain the consent of appellees before applying for delivery of the deed tends in some degree to support the view that he was conscious of the necessity of obtaining such permission, and that that was in accordance with the terms of the trade. Mr. Moore testified positively that the deeds were delivered to McDonald solely on condition that there was to be a delivery to the respective parties when abstracts of title were passed, showing merchantable title, but the preponderance of the testimony seems to be against him on that issue. At any rate, we are not able to say that the finding of the chancellor on that issue was against the preponderance of the testimony.

Now, if the deed was not in fact delivered in escrow, but was to be held by McDonald subject to the further direction of the appellees, which was never obtained, and delivery was made without such consent, then it was wrongful and appellees were entitled to have the deed cancelled as a cloud on the title. The contract rested entirely in parol, and unless there was a delivery of the deed in escrow, there was nothing to bind the parties and they could not be bound by a wrongful delivery of the deed. The deposit of a deed with a third party for delivery must be irrevocable in order to constitute it an escrow, and if it is subject to the order of the party it has no binding effect. *Masters* v. *Clark*, 89 Ark. 191.

In that case, Judge Battle, speaking for the court, said: "In this case the instruments were not deposited to be delivered on the happening of a certain event or the performance of a condition, but to be delivered on the joint order of the grantor and grantee. They were still within their power to cancel or modify; they had not received any permanent force, but were still within the control of the parties. They were not escrows."

It follows, therefore, that appellees were not bound by the delivery of the deed without their consent, and that they are entitled to have it cancelled as a cloud on their title.

Decree affirmed.