ROACH v. A. D. MALONE MERCANTILE COMPANY.

Opinion delivered June 24, 1918.

DEEDS—DEPOSIT WITH THIRD PERSON—AGENT OF GRANTEE—ESCROW.—A grantee, obligee or an agent of either can not act as a depository in an escrow; when a deed is delivered directly to a grantee or his agent, it operates as an immediate and final delivery of the deed.

Appeal from Conway Chancery Court; *Jordan Sellers*, Chancellor; affirmed.

*Mehaffy, Reid, Donham & Mehaffy,* for appellant.

1. The land was never conveyed by Mrs. Simmons to Bryson. Bryson never acquired title. The deed to Bryson was never delivered. Tiedeman on Real Prop. (3 ed.), § 576-8; 8 R. C. L. 973-4; 24 Ark. 244; 84 *Id.* 610; 77 *Id.* 89; 98 *Id.* 466; 100 *Id.* 427. A deed to pass title must be delivered during the lifetime of the grantor. 93 *Id.* 324; 116 *Id.* 142; 8 R. C. L. 988; 14 Pac. 530; 13 L. R. A. 714.

2. The deed was not even an escrow. 89 Ark. 191; 122 *Id.* 548. Mrs. Simmons never lost control of it; it was not deposited to be delivered absolutely but always subject to recall, and it was recalled. There never was delivery. She paid taxes, collected rents until death, and by her will disposed of the property after she had recalled the deed from her agent and attorney, Moose.

3. There was no privity of contract between Mrs. Simmons and appellee. The agreement with Bryson was not enforceable. 38 N. W. 22. It was not an escrow. 51 Ark. 485; 102 *Id.* 379.

4. The demurrer to the interplea should have been sustained, the court erred in dismissing the answer of Roach; the pleadings and evidence conclusively show that the deed to Bryson was never delivered but was recalled; hence the decree should be reversed.

*Edward Gordon,* for appellee.

1. Bryson abandoned his suit and failed to appeal; he is eliminated from the case. Appellee relies upon adverse possession, specific performance of the contract and the delivery of the deed in escrow, all of which were proven. Bryson deeded the land to appellee in 1908. Moose was the agent of both Mrs. Simmons and Bryson. Bryson was in open, notorious adverse possession for more than seven years and made valuable improvements. He had a contract to purchase and was entitled to specific performance. 81 Ark. 70; 83 *Id.* 403; 112 *Id.* 565.

2. The deed was delivered in escrow, and Bryson made the payments and performed all the conditions. Mrs. Simmons could not recall the deed. 110 Ark. 401.

3. The deposit of the deed with an agent is in law a delivery. 9 Ark. 36; 16 Cyc. 373; 41 N. J. L. 403; 32 Am. Rep. 225. A delivery in escrow, or upon conditions to grantee or his agent takes effect absolutely, for a delivery in escrow or conditionally can be made only to a stranger. 5 N. Y. 229; 55 Am. Dec. 330; 63 *Id.* 522; 49 N. Y. 107. Moose was Bryson's agent and delivery to Moose was delivery to Bryson. The findings of the chancellor are sustained by the evidence.

HUMPHREYS, J. William Bryson instituted this suit against the appellee on the 9th day of September, 1916, in the Conway Chancery Court, seeking to quiet his title to the possession of the west half of the northwest quarter, section 14, township 6 north, range 16 west, in Conway County, alleging that he had acquired title

thereto either by adverse possession, the possession and erection of valuable improvements thereon under contract of purchase from Sarah A. Simmons, the testatrix of appellant Roach, or by deed from the said Sarah A. Simmons.

Appellant Roach denied that William Bryson had acquired title from his testatrix, as alleged, or otherwise than by acquiring a life estate in such portion of the lands as he might cultivate under will from Sarah A. Simmons, and pleaded that he had acquired title from Sarah Simmons by last will and testament of date August 26, 1910, which was probated March 7, 1913.

Appellee, A. D. Malone Mercantile Company, interpleaded, alleging ownership in the land by purchase and conveyance of said real estate from William Bryson on the 7th day of April, 1908, who had acquired title from Sarah A. Simmons in the manner alleged by him in the original bill. Appellant Roach filed demurrer and answer to the interplea of appellee, A. D. Malone Mercantile Company, and William Bryson filed a reply thereto. William Bryson abandoned his suit and the cause proceeded to trial between the interpleader, A. D. Malone Mercantile Company, who is appellee herein, and John Roach, who is appellant herein. The cause was submitted to the court upon the pleadings and depositions with exhibits thereto, from which the court found that the interpleader, A. D. Malone Mercantile Company, was the owner and entitled to the possession of the lands in controversy. A decree was rendered in accordance with the findings, from which an appeal has been prosecuted to this court.

There is evidence in the record tending to show that Sarah A. Simmons rented the land in controversy to William Bryson for many years for a specified rental of $50 per annum and other considerations in the way of service and furnishings. There is also evidence in the record tending to show that William Bryson purchased the land in controversy on a credit in 1889 from Sarah A. Simmons at an agreed price of $700; that he immediately

went into possession and made valuable improvements thereon; that he paid $500 on the purchase price, and, later, tendered the balance of the purchase money, which was refused; that he was then induced to agree to pay $50 a year and furnish Sarah A. Simmons fire wood during her lifetime, upon the condition that she would execute a deed to the land and place it in escrow to be delivered to him upon her death; that, pursuant to the agreement, a deed was executed and placed in the keeping of W. L. Moose, and the payments made until the death of Sarah A. Simmons by William Bryson or by his grantee at his request, and the request of W. L. Moose, as agent for Sarah A. Simmons. It is in proof that Sarah A. Simmons died on December 20, 1912, and that W. L. Moose died in September, 1915. Some of the evidence tends to show that William Bryson conveyed the land to appellee in 1908, and that the deed to Bryson was returned by W. L. Moose to Sarah A. Simmons at the joint request of herself and William Bryson. There is evidence tending to show that no such request was made and that the deed was in the possession of W. L. Moose when he died in September, 1915. It is disclosed that Bryson went into possession of the land in 1887 under some kind of contract for the purchase of same, and remained in such possession until the year 1900, at which time the deed to him from Sarah A. Simmons was executed and placed in the custody of W. L. Moose; that thereafter he remained in possession until the year 1912; that in the year 1913 he again took possession without the consent of appellant, John Roach, and has since remained in the possession of said real estate. There is a conflict in the evidence as to whether the party who occupied the property in the year 1912 was the tenant of William Bryson or Sarah A. Simmons. It is fairly well established by the evidence that William Bryson paid the taxes from the time he took possession in 1887 until the year 1909; that the taxes were paid by Sarah A. Simmons from that time until the date of her death, and that they were paid by appellant John Roach after that time. It is almost conclusively

established by the evidence that annual payments of $50
were made until the death of Sarah A. Simmons by either
William Bryson or appellee, A. D. Malone Mercantile
Company, in compliance with the condition imposed by
the agreement in which the deed was placed in the cus-
tody of W. L. Moose in the year 1909.  Three letters ap-
pear in the record referring to the deed placed in the
custody of W. L. Moose.  They are as follows:

"Morrilton, Ark., August 25, 1910.

"Mr. A. D. Malone, Plummerville, Ark.:

"Dear Sir:  Some time ago William Bryson gave
me a written request to deliver to Mrs. Simmons a deed
which I have had in my possession for about ten years,
which Mrs. Simmons has executed to Bryson.  Mrs. Sim-
mons also asked me to turn the deed over to her.

"I have not done so, but as I view the matter I have
no right to refuse, and I shall comply with their request
within a short time.  As you and I talked about the mat-
ter some time ago, I was not willing to deliver the deed
without first advising you of my purpose to do so.

"Very truly yours,

"Wm. L. Moose."

"August 26, 1910.

"Mr. W. L. Moose, Morrilton, Ark.:

"Dear Sir:  I am in receipt of yours relative to the
Simmons and Bryson land matter.  Now, Judge, you un-
derstand this whole matter, you are her agent as you told
me, and which I am sure is a fact.  I have been paying
her the payments for the last several years, and up to the
last payment which I made to you last spring $50 you
know I had decided not to make this payment for fear I
would lose it as well as what I had paid before.

"You explained to me that you was acting as her
agent, and that you had a deed in your possession exe-
cuted by Mrs. Simmons to Bryson with instructions that
if the $50 was paid each year that this deed was to be de-
livered to Bryson, which you said would be sure to do,
and if I kept the payments up that that would make my
title good which Bryson had made me so upon all that I

paid the $50. I do not think that Bryson or Mrs. Simmons have a right under what has been done by Bryson and what has been done by you for Mrs. Simmons to change this deal at their option and I think, Judge, if you will explain the whole matter to Mrs. Simmons she would not think of doing it, or wanting to do it.

Judge, I will expect you to be my friend in this matter, and want to retain you if anything comes up. Hoping there will be no jar in the matter, I am,

"Yours truly."

"Morrilton, Ark., August 27, 1910.

"Mr. A. D. Malone, Plummerville, Ark.:

"Dear Sir: I received your letter of the 26th in regard to the Simmons and Bryson matter. The deed Mrs. Simmons left with me was to be kept by me, unless she called for it sooner, until her death, in which event I was to turn it over to William and Rose Bryson. I explained it to you when I had a talk with you and showed you the memorandum I had made at the time on the back of the envelope which contained the deed. Bryson has evidently been talking to some one else since then and some one has advised him that if the deed remains in my possession until after Mrs. Simmons dies, and I turn the deed over to him, the land would go to you. He and Mrs. Simmons have discussed the matter and both of them have requested me to turn the deed over to Mrs. Simmons. I am not the agent of one of them but am the agent for both of them; and when both request me to deliver the deed up, I think I have no discretion but to do so. I discussed the matter with Mr. Reid, and he thinks as I do about the matter.

"If you have any rights in the matter, you will not lose them by my turning the deed over to Mrs. Simmons. There will be no trouble to make proof of all of the facts in the case in case you should decide to take the matter into court.

"Very truly yours,

"Wm. L. Moose."

Appellants' insistance for reversal is that the evidence does not support the finding of the chancellor to the effect that William Bryson, appellee's grantor, acquired title to said real estate under the deed executed by Sarah A. Simmons and placed in the custody of W. L. Moose for William Bryson. Appellant contends that the deed was not an escrow. This court has adopted the following test as to whether an instrument is an escrow:

"When the instrument is placed in the hands of a depositary it should be intended to pass beyond the control of the grantor for all time, and that he should actually lose the control of and dominion over the instrument; for in case the deposit is made in furtherance of a contract between the parties, the contract must be so complete that it remains only for the grantee or obligee or other person to perform the required condition, or for the event to happen, to have the instrument take effect according to its import." *Masters* v. *Clark*, 89 Ark. 191; *Fine* v. *Lasater*, 110 Ark. 425; *Moore* v. *Moye*, 122 Ark. 548; 16 Cyc. 568; 11 Am. & Eng. Enc. of Law (2 ed.), 336.

Having carefully read all the evidence in the instant case, we have concluded it supports the finding of the chancellor to the effect that the deed was to be delivered to William Bryson by W. L. Moose at the death of Sarah A. Simmons, upon the performance of the condition to the effect that Bryson, or his grantee, should pay $50 annually to Sarah A. Simmons or her agent, W. L. Moose. In other words, we are of opinion that the weight of the evidence shows that the deposit of the deed was irrevocable. In this particular case, we do not think there can be any question as to the soundness of our conclusion, because the letter written by W. L. Moose, of date August 27, 1910, to appellee, A. D. Malone Mercantile Company, admits that he was the agent for William Bryson. It seems that, technically speaking, a grantee, obligee or an agent of either can not act as a depositary in an escrow; that when a deed is delivered directly to a grantee or his agent, it operates as an immediate and final delivery of

the deed, and voids the condition contained therein. *Inglish* v. *Breneman,* 5 Ark. 377; *Scott* v. *State Bank,* 9 Ark. 36; *Campbell* v. *Jones,* 52 Ark. 493.

This view of the case renders it unnecessary to discuss appellee's contention that William Bryson acquired title by adverse possession; or that he acquired the right to title and possession of said land under a contract of purchase and improvements made thereon in pursuance of the contract.

The decree is affirmed.