## MILLER vs. PHYSICK.

The act of signing and sealing a deed gives it no effect without delivery, which is a substantive, specific and independent act: and so where a deed is executed by several, and found among the papers of one of the obligors, after his death, and delivered to the obligee by a stranger, without explanation, or proof of other delivery, there is no such delivery as will bind the obligors.

*Appeal from Hot Spring Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

WATKINS & ROSE, and SMITH, for the appellant.

The whole question is as to the sufficiency of the delivery, which is essential to the validity of the instrument, though the

manner is not material. It is a question of intention, and should be left to the jury. 11 *Verm.* 621. A deed found in the possession of the grantee will be presumed to have been delivered. 1 *McLean*, 321; 6 *Mo.* 326.

A delivery to an agent, or to a stranger for the use of the plaintiff is good. 9 *Porter* (*Ala.*) 650; *Smith on Con.*, 9; and a delivery to the co-obligor for the use of the plaintiff must be equally good. *Brown vs. Brown*, 1 *Wood & M.* 325; *Kent's Com. vol.* 4, *p.* 454, 455, *n.* 1, *n. a.* See also, 1 *J. C. R.*, 255; 2 *Gilman*, 557; 9 *Mass.*, 307: 15 *Wend.*, 545.

We think that a careful examination of the cases justify the position that the delivery by Physick to his co-obligor for the use of Miller, was a sufficient delivery.

FLANAGIN, for the appellee, referred to the following authorities to show that the delivery was insufficient: *Maynard vs. Maynard*, 10 *Mass.*, 465; 20 *Pick. Rep.*, 28; 12 *J. R.*, 418; 12 *Wend.*, 105; 9 *Eng. Law & Eq. Rep.*, 507.

Mr. Justice COMPTON delivered the opinion of the court.

Miller, the plaintiff below, sued Physick, in the Hot Spring circuit court, on a writing obligatory for the sum of sixteen hundred dollars. As a defence to the action, the defendant pleaded that the writing sued on was not delivered to the plaintiff. On replication and issue to this plea, a trial was had, which resulted in a verdict for the defendant, and judgment was rendered accordingly, from which the plaintiff has appealed to this court.

The evidence in the record discloses the following facts. The writing obligatory was signed and sealed by J. E. Stribling as principal, and Robert Stribling and the appellee as his securities, for the purchase money of a negro slave which Miller, the appellant, had sold to J. E. Stribling. Afterward, Robert Stribling, one of the obligors, died; and after his death, the writing obligatory was found among his papers—at which time, Miller got possession of it, through the mother of the deceased, who gave it to him at his request.

The circuit judge refused to charge the jury, on motion of the counsel for the plaintiff, that if they believed from the evidence, that the writing obligatory was delivered by the defendant to any of the parties who executed it, or to any person for them, or either of them, for the benefit of the plaintiff, the same was constructive delivery and binding on the defendant. But instructed them, 1st, that unless they believed, from the evidence, that the instrument sued on was delivered by the obligors, or some person authorized to do so, they should find for the defendant; and 2d, that where the obligor dies, leaving a bond among his papers, and the same is delivered, after his death, by an administrator, or custodian, such delivery is not valid: and that if the jury believed that the instrument sued on, was delivered in no other way, the plaintiff could not recover.

Other instructions were asked, some of which were given, and others refused; but it is not deemed necessary to notice them, in order to determine whether the judgment of the court below should be affirmed, or reversed.

A deed to be operative must be delivered. The act of signing and sealing gives it no effect without delivery. The delivery is a substantive, specific, and independent act, which may be inferred from words alone, or from acts alone, or from both together, and though there is no particular form in which to make it, still enough must be done to show that the instrument was thereby considered to have passed beyond the legal control of the maker, or his power to revoke it. *Hughes vs. Easten,* 4 *J. J. Mar. Rep.,* 573; *Dayton vs. Newman,* 19 *Penn.,* 194; *Fris vs. McCarty,* 1 *Stewart and Porter Rep.* 61. It is insisted, however, that delivery may be made to a third person in behalf and for the use of the grantee or obligee, without authority, and if unconditional, the deed will take effect, *instanter,* and be binding if the grantee or obligee can, at any time, and in any way, get possession of it; and that this principle is applicable to the case before us. The principle contended for—which seems to be supported by adjudications, both English and American—may be conceded, but we cannot

admit its application.   The fact that the appellee signed the writing obligatory, was established by proving his hand-writing.   There was no evidence as to what was said, or done, at the time of signing; nor as to how, or for what purpose, the writing obligatory got to the possession of Robert Stibling.   As to these particulars the record furnishes us no information whatever.   We only know, from the evidence, that the appellee signed the instrument; that it was in the possession of Robert Stribling at the time of his death, and that, afterward, the mother of the deceased delivered it to the appellant.   But suppose it had been shown that, at the time of signing the instrument, it was left in the possession of Robert Stribling, a co-obligor, would such a state of facts have been evidence of delivery, on the part of the appellees?   We think not.   It frequently happens, in business transactions, that the principal in an obligation procures the signatures of others as his securities; and, ordinarily, the securities, after signing the obligation, pass it back to the principal obligor.   Can it be said that the mere act of passing it to the principal obligor, is constructive delivery to the obligee?   Nothing more, we apprehend, is meant or intended, by such an act, than that the principal obligor shall hold, or be the custodian of the obligation, until delivery is made.   It is, no doubt, the intention of the parties, under such circumstances, that the obligation shall be delivered; but until the act of delivery is performed, that intention may be changed. An intention to deliver is one thing, and delivery is another.   In such case, the act of signing and sealing would, necessarily, of itself, bind all the obligors, except him who kept the writing, since more than one could not have the actual custody of it, and the others must, necessarily, pass it to that one—thus making a case, where, in the nature of things, there could not be a delivery, distinguishable from the act of signing and sealing; and yet it is said that delivery is a "substantive, specific, and independent act." (*Hughes vs. Easten, supra.*)   In *Fay vs. Richardson, 7 Pickering*, 91, a guardian bond to the judge of probate was executed by the principal and securities, in the presence of witnesses, and taken

away by the principal, who retained it until his death, when his administrator finding it among his papers, took it and filed it in the register of probate.   In an action on the bond against the securities it appeared, in addition to the facts above stated, that the estate of the ward had passed into the hands of the principal in the bond, who had assumed to act as guardian for a period of more than three years; and it was held that no action could be maintained on the bond, for the reason that it never had been delivered.   In that case it was argued, as it has been in this, that there was a constructive delivery.   But PARKER, C. J., said: "We have not been able to find any principle or authority to justify us in giving validity to the bond on which this suit is brought.   A bond is a deed, and delivery is essential to a deed. There are cases of a constructive delivery, but there is no evidence here to bring this case to a resemblance of them.   All that appears is, that the paper was signed and sealed by the principal and sureties and was left in the hands of the principal until his death."   And in another part of the opinion, speaking of the sureties, he says:   "The instrument never became their bond by their definitive act of delivery, and it cannot be made so by any power of this court."

According to the view we have taken, the ruling of the court upon the instructions was correct, and the judgment must be affirmed.