AMERICAN CENTRAL FIRE INSURANCE CO. v. ARNDT.

Opinion delivered June 4, 1917.

1. DEEDS—DELIVERY.—One A. executed a deed to certain property to M. and delivered the same to a bank to deliver to M. upon payment of the purchase price. The building on the premises burned a short while after A. gave the deed to the bank. *Held*, there had been no delivery of the deed of any kind to M.

2. PARTIES—ACTION ON FIRE POLICY—VENDOR AND PURCHASER AS PARTIES.—A. agreed to sell certain property to M. Before the completion of the sale the building on the premises burned. A. and M. joined as plaintiffs in suing the insurance company. *Held*, although M. was not a proper party, that no prejudice resulted from his being joined as a party plaintiff.

Appeal from Lawrence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*G. M. Gibson* and *H. L. Ponder,* for appellant.

1. The property was sold and deed delivered before the fire. 13 Cyc. 560-1; 30 Ga. 899; 108 Ill. 366; 95 N. W. 213; 3 Tenn. Chy. 547; 50 Am. Rep. 511; 40 *Id.* 212; 70 L. R. A. 105; 27 Am. St. 342; 56 Am. Dec. 439; 3 L. R. A. 301; 2 Greenl. on Ev., § 297; 44 L. R. A. (N. S.) 536; 40 Am. St. 424; 74 Ark. 119; 77 *Id.* 466; 97 *Id.* 285; 96 *Id.* 593. The question as to delivery is one largely of intention.

2. The question of delivery was one for the jury. 13 Cyc. 565; 100 Ark. 431. It is a question of law only when the grantor unequivocally evinces his purpose. 74 Ark. 104; 77 *Id.* 99; 51 *Id.* 530. The presumption is that a deed is delivered on its date. 61 Ark. 104. The real test is, Did the grantor by his acts or words, or both, intend to divest himself of title. If so, the deed is delivered. This is a question of fact for the jury. 9 Am. & Eng. Enc. (2 ed.) 154.

3. The action is improperly brought. Kirby's Dig., § 5999. If Mrs. Arndt owned the property, she alone could sue. If she had sold or assigned her rights, it should have been so alleged and proven.

*W. E. Beloate,* for appellees.

1.   The undisputed evidence is that the deed executed before the fire was *never delivered*.  The jury found that there had been no change of possession before the fire, and this settles Mrs. Arndt's right to recover. 67 Ark. 553.

2.   Mrs. Arndt and McSpadden were proper parties plaintiff.   There was no written assignment of the policy, but McSpadden was a vendee of a chose in action. Kirby's Digest, § 6000; 69 Ark. 62; 2 Am. & Eng. Enc. 1017; 20 Ark. 153; 24 *Id*. 556; 46 *Id*. 420.

McCulloch, C. J.   This is an action to recover on a fire insurance policy issued by appellant to Mrs. Jennie Arndt, one of the appellees, insuring a house in Walnut Ridge, Arkansas, owned by Mrs. Arndt, which was destroyed by fire April 8, 1916.   Mrs. Arndt conveyed the lot on which the building had been situated to C. C. McSpadden by deed duly executed and delivered April 11, 1916, which was three days after the fire occurred, and both of the parties to the conveyance joined as plaintiffs in this action, alleging in the complaint that, as a part of the consideration for the conveyance, Mrs. Arndt agreed that McSpadden should receive the amount to be collected from the insurance company under the policy.

The only defense set forth in the answer which is insisted on here is that Mrs. Arndt had sold the property to McSpadden, and delivered possession thereof, without the consent of the company, prior to the date of the fire, and was not "the sole and unconditional owner" within the meaning of one of the conditions expressed on the face of the policy.   It is undisputed that Mrs. Arndt entered into negotiations with McSpadden in the latter part of March, 1916, for the sale of the property, and that they entered into an oral agreement for the sale thereof at a stipulated price.   Mrs. Arndt resided in St. Louis, and negotiations on her behalf were conducted by her husband as her agent, and on the return of her husband to St. Louis, immediately after the oral trade was

entered into, a deed was prepared reciting a cash consideration of $1,000, and Mrs. Arndt executed the same and forwarded it to a bank at Walnut Ridge with a draft attached for the amount of the purchase price of the property. On receipt of the deed, the cashier of the bank notified McSpadden of the receipt of the deed and draft. That was just a few hours before the fire occurred, and the bank had closed the day's business. There was no delivery of the deed by the bank to McSpadden nor was the draft paid, and, after the house was totally destroyed by fire, McSpadden communicated with Mr. Arndt and proposed to accept the conveyance of the property if he would withdraw the former deed from the bank and execute another, and if Mrs. Arndt would agree to let him (McSpadden) have the money to be collected on the insurance. Mrs. Arndt agreed to those terms, and recalled the deed, and executed another deed dated April 11, 1916, as before stated, and delivered the same to McSpadden, who paid the purchase price.

(1) There is a conflict in the testimony on the point whether or not there was a delivery of possession by Arndt to McSpadden. McSpadden testified that the possession of the property was not delivered to him, and that he exercised no acts of ownership or dominion over it. Other testimony tends to show that there was a constructive delivery. There was no proof, however, of actual delivery of possession. The court refused to give an instruction submitting the question whether or not there was a delivery of the deed, and error of the court is assigned on account of that ruling. According to the undisputed evidence, there was no delivery of the deed, either actual or constructive, and the court was correct in refusing to submit that question to the jury. Counsel for appellants cite numerous authorities on the question of presumed acceptance of a deed, but there is no place in this case for the question of presumption, for the reason that the proof was developed, and it was affirmatively shown that there was no delivery, and that the

deed was withheld for the payment of the purchase price recited in the deed. The deed was sent to the bank, not unconditionally for delivery, but to be held for the grantor until the price was paid. The bank was the agent of the grantor for the purpose of collecting the purchase price and delivering the deed, and the receipt of the deed by the bank can not be treated as a delivery to the grantee.

The court submitted the question to the jury whether or not there had been a delivery of possession of the property before the destruction of the house by fire, and there being testimony to support the verdict on that issue, the finding of the jury should not be disturbed. It is not urged that the instructions given by the court on that point are objectionable.

(2)   It is finally insisted that there was an improper joinder of plaintiffs. At the close of the introduction of the evidence appellant moved for an instructed verdict on the ground that Mrs. Arndt and McSpadden improperly joined in the action, there being no joint right of recovery. It is sufficient to say in answer to this contention, that there was no objection to the joinder of parties plaintiff until after the evidence had all been introduced though the complaint set 'forth the relationship of the parties with respect to rights under the policy. There was no written assignment executed by Mrs. Arndt to McSpadden, but, even if the latter had no right of action against appellant, no prejudice resulted from joining him as one of the plaintiffs, for Mrs. Arndt was a plaintiff, and the recovery in her name extinguished all other liability under the policy.

Judgment affirmed.