LINDSEY v. HORNADY.

4-8878                                          223 S. W. 2d 768

Opinion delivered October 17, 1949.

Rehearing denied November 14, 1949.

T. S. Lovett, Jr., and G. D. Walker, for appellant.

George H. Holmes, for appellee.

GEORGE ROSE SMITH, J.    This controversy is between rival purchasers of 150 acres of timberland, formerly

owned by the nineteen heirs of T. A. Neely. The chancellor ruled in appellee Hornady's favor in this action to quiet his title to the land. The appellants contend that the chancellor erred in refusing to sustain their claim to an undivided nineteen forty-seconds interest in the property.

The facts are best stated in chronological order. In early July, 1946, both Hornady and the two appellants were negotiating with the Neely heirs for the purchase of this timberland. On July 10 Hornady made an oral contract with four of the heirs, by which he agreed to buy the property for $3,500. This agreement was subject to these conditions: (a) That the other adult heirs agree to the sale; (b) that Hornady institute probate proceedings for the sale of the interest of the nine minor heirs; (c) that Hornady be the successful bidder at the probate sale; and (d) that after the conveyance Hornady reconvey the land without the timber to Henry Neely, one of the heirs, for $1,000. Thus in effect the appellee agreed to buy the timber for $2,500, and Henry Neely agreed to buy the land for $1,000.

Hornady prepared a warranty deed to be signed by all the adult heirs. Four of them signed and acknowledged it on July 10. The deed was then left in the custody of a notary public, with the understanding that the other adult heirs would come in and sign it if they agreed to the sale. The notary was not authorized to deliver the deed to the grantee; on the contrary, after every one had signed he was to deliver it to one of the grantors, who was to retain it until the sale was completed and the consideration paid.

On July 20 all the other grantors except Henry Neely called at the notary's office and signed the deed. Thus the matter stood until early in September, when Carl Neely became dissatisfied with what he considered to be the slow progress of the probate proceedings. He borrowed the deed from the notary and in company with appellant Lindsey submitted it to his attorney, T. S. Lovett, Jr., for an opinion as to whether he was bound by his oral agreement with Hornady. Mr. Lovett advised

Neely and Lindsey that the oral contract was unenforceable and that Neely was free to sell to the appellants if he wished. Acting on that advice Carl Neely conveyed his interest to the appellants, who promptly recorded the deed. Between then and September 21 several other Neely heirs also became dissatisfied and sold their interest to appellants. By these deeds the appellants acquired the nineteen forty-seconds interest they now assert.

Hornady was the highest bidder at the probate sale and received the guardian's deed on September 24. In October Henry Neely signed the original deed and it was delivered to Hornady, who then conveyed the land to Henry Neely with a reservation of the timber. Checks for the purchase price were sent to the various heirs, but those who had already sold to the appellants refused to accept the tender. Hornady then brought this action against the appellants to quiet his title and to cancel the deeds to them. By cross-complaint the appellants sought partition.

We think Carl Neely's attorney was right in his view of the law. Although the heirs may have been morally bound by their agreement with Hornady, the statute of frauds rendered the contract unenforceable. The deed itself was the only writing signed by the vendors. To satisfy the requirements of the statute a written memorandum must state the consideration and all other essential terms of the agreement. *St. L., I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17. Here the deed recited a consideration of one dollar and made no mention whatever of those terms of the contract having to do with the probate proceedings and the reconveyance to Henry Neely. It was therefore not sufficient to take the agreement out of the statute.

To avoid the effect of the statute of frauds the appellee contends that there was a valid deposit in escrow or in the alternative that delivery and passage of title took place when the deed was left with the notary. As to the first contention, a deposit in escrow is effective only if the deed passes irrevocably beyond the grantor's con-

trol. *Masters* v. *Clark*, 89 Ark. 191, 116 S. W. 186. Here the notary acted as the grantors' agent in retaining the deed and was instructed to return it to one of the grantors. These facts also answer the alternative contention; for delivery of a deed to the grantor's agent, to be held by him until the purchase money is paid, cannot be treated as a delivery to the grantee. *American Central Fire Ins. Co.* v. *Arndt,* 129 Ark. 309, 195 S. W. 1075.

We conclude that the appellants' assertion of title to an undivided interest in this land must be sustained. The decree is accordingly reversed and the cause remanded.

HOLT, J., dissenting. I respectfully dissent. The great preponderance if not the undisputed testimony, I think, supported the following findings of the Chancellor: "The undisputed evidence in this case definitely establishes the fact that Carl Neeley and eighteen others owning a forty-one forty-second interest in the land described in the complaint executed a warranty deed and delivered it to J. E. Goggans, a Notary Public, of Herbine, Arkansas, with instructions to deliver the same to Mrs. Dallas Neeley Hornady for the plaintiff, L. E. Hornady; further that this deed was to be delivered to L. E. Hornady, the plaintiff, if the one-forty-second interested owner by the minor children of Mrs. Margaret Reep could be sold by the proper order of the Cleveland County Probate Court. This was done, and the sale for the minors' interest in the property involved was expedited as rapidly as possible. The defendants were present at the time of the sale and bid upon this interest in the land."

Appellee fully performed all the conditions in the agreement between him and the Neeley heirs, whereby they agreed to sell and he agreed to purchase the tract of land in question. In accordance with the agreement, a warranty deed conveying the land was prepared and for the convenience of the grantors was left with a third party and the signatures of all the adult heirs were duly signed to the deed of conveyance to appellee.

Two of the conditions were that by proper procedure, an order would be procured from the Probate

Court directing the sale of the minors' interest in the property to appellee. This condition was fully carried out within a period of two and one-half months from the date of the agreement, which was within a reasonable time. No definite time limit was stipulated in the agreement or deed for the completion of the deal. Therefore, only a reasonable time would be required.

"*Where time is not specified.* If a deed is silent as to the time of performance, the law will imply that performance must be within a reasonable time. What constitutes a reasonable time depends on the subject matter, the nature of the act to be performed, and the situation of the parties." 26 C. J. S., Deeds, p. 489, § 152.

It is undisputed that at the probate sale of the minors' property, appellants here were present bidding upon the land and forced appellee to pay much more for the minors' interest than he had agreed to pay the adult heirs. After all parties signed the deed to appellee conveying the property including the minors, Henry Neeley signed the deed in accordance with the agreement and completed the sale. In the circumstances, I think the delivery of the deed to appellee was complete and sufficient to bind all the interested heirs and convey title to appellee as the trial court found.

It is undisputed that the Neeley heirs who executed deeds to appellants in the present case were attempting to convey interests in the property in question which they had some time before duly conveyed by warranty deed to appellee. This they had no right to do without first allowing appellee a reasonable time to carry out the condition of the agreement which he had with them and the other heirs.

"If a deed has been effectively delivered to a third person for the use of the grantee, the grantee has the right to have the deed remain in the possession of the custodian until the happening of the event on which he is entitled to take possession, and a change of intention on the part of the grantor, or the death of the grantor or grantee, will not defeat the delivery." 26 C. J. S., Deeds, p. 244, § 43 c. *Selby* v. *Smith,* 301 Ill. 554, 132 N. E. 109.

"Likewise, a mental reservation contrary to the grantor's expressed intention to convey title, or a subsequent change of intention, does not destroy the effect of a completed delivery. In construing the acts of the parties, in order to ascertain the intent to deliver the instrument, the presumption that the law is known to them must not be disregarded." 26 C. J. S., Deeds, p. 237, § 41.

In *Faulkner* v. *Feazel,* 113 Ark. 289, 168 S. W. 568, this court said: " 'Any disposal of a deed, accompanied by acts, words or circumstances, which clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery. 2 Jones on the Law of Real Property and Conveyancing, §§ 1217-1224, and cases cited.' No particular form of delivery is required. The deed may be manually given by the grantor to the grantee, yet, manual delivery is unnecessary. The real test of delivery is, did the grantor by his acts or words, or both, intend to divest himself of title."

In *Graham* v. *Suddeth,* 97 Ark. 283, 133 S. W. 1033, it is said: "A deed is defined to be a 'written instrument signed, sealed and delivered'; and it is essential to the validity of a deed that there should be a delivery of the instrument. But in order to constitute a sufficient delivery thereof it is not necessary that there should be an actual manual transfer thereof to the grantee or a formal acceptance thereof by him. The question of a delivery of a deed is largely one of intent; and if it clearly appears from the words or acts of the grantor that it was his intention to treat the instrument as his deed and to make a disposal thereof, indicating that it should be effective, then the delivery is sufficient."

A second condition was that appellee would deed the property (except the timber rights) back to one of the adult heirs, Henry Neeley, for a consideration of $1,000 in order that the aged mother of the Neeleys might have a home. This condition, as well as all others, was complied with by appellee within a reasonable time.

The decree should be affirmed.