**HOLT v. WERBE et al.**

**WERBE et al. v. HOLT.**

Nos. 14519, 14531.

United States Court of Appeals
Eighth Circuit.

Sept. 9, 1952.

Edgar E. Bethell, Ft. Smith, Ark. (O. E. Williams, Fayetteville, Ark., on the brief), for Earl Werbe and Lou Werbe.

E. J. Ball, Fayetteville, Ark. (Rex W. Perkins, Price Dickson, and Lee Seamster, Fayetteville, Ark., on the brief), for Mrs. Jessie Holt.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

These appeals are from a judgment in an action involving a controversy between appellee, Earl Werbe, and appellant, Mrs. Jessie Holt, over title to real estate in Fayetteville, Arkansas, each party claiming as grantee under deeds from the same grantor, Frederick Werbe. The action was tried to the court without a jury. The questions presented require a statement of the evidence in detail.

Frederick Werbe, a resident of Fayetteville, Arkansas, died October 21, 1948, survived by Earl Werbe, his son by adoption, his sole heir at law, a resident of Indiana. Some years prior to his death Frederick Werbe had been in ill health. After the death of his wife he had lived in his residence at Fayetteville, Arkansas, the property in controversy, attended by Mrs. Jessie Holt in the capacities of housekeeper, cook and nurse. Mrs. Holt entered the Werbe household during the life of Mrs. Werbe, an invalid, and remained in the capacities stated until Mr. Werbe's death.

After the death of his wife Frederick Werbe was concerned with the problem of

the disposition of his estate after his death. The subject was one of discussion with his acquaintances, all and sundry, and, as is not unusual in persons of his condition and situation, he made conflicting statements as to his intentions. Also he prepared conflicting wills over a period of several years. To some of his acquaintances he said that Mrs. Holt would receive all his estate at his death. On occasion he said that he had agreed with Mrs. Holt that she should receive his estate in return for her services to him and his wife during their last years. To others he said that his adopted son, Earl would receive his estate. At times he was severely critical of Mrs. Holt, even suggesting his fear that she would try to secure his estate against his will. At other times he spoke disparagingly of Earl Werbe. But it is significant that Frederick Werbe never at any time, so far as the record discloses, considered the surrender of dominion or control over his property while he lived. On the contrary, in reduced financial circumstances, he clung tenaciously to all he had.

On June 4, 1948, Frederick Werbe executed a will which at his request had been prepared by J. R. Crocker, an attorney of Fayetteville, by which he devised the real property in controversy to Earl Werbe, together with the bulk of his personal estate. On the same day he executed a deed conveying the real property in controversy to Earl Werbe. This deed contained no reservations in favor of the grantor. It recited a consideration of $1 and other valuable considerations. If delivered with the intention to pass title immediately, Earl Werbe would have been entitled to immediate possession of the described property to the exclusion of the grantor.

Crocker placed the will and deed in a safety deposit box in a Fayetteville bank which he had procured for that purpose for Frederick Werbe at his direction. Frederick Werbe wrote Earl:

"I wrote you a letter on yellow paper so she could see it don't pay any atten-

tion to it at all. I made a new deed & will they are in the McEllory Bank Box * * * should I die here the will will have to be gone through this court. & I have to get this deed to you while living".[1]

In the letter Frederick Werbe asked Earl to address all correspondence to Crocker, the attorney, "otherwise she will get hold of them." There is no evidence that Earl Werbe replied to this letter, but afterwards Werbe gave Crocker written directions as follows:

"Send will and deed to him [Earl Werbe].

"tell him to keep will & send back to you immediately to have recorded."

On June 23, 1948, Crocker mailed the deed and will to Earl Werbe advising him that the instruments were sent at Frederick Werbe's request and that Frederick Werbe "requests that you retain the will in some secure place and return the deed after you have examined it. The deed is to be returned direct to me." The letter directed Earl Werbe to send any correspondence to Frederick Werbe about the deed or will to Crocker for delivery to Frederick Werbe.

On June 29, 1948, Earl Werbe returned the deed to Crocker with the following letter:

"Received your letter and both Deed and Will. After having looked them over I find them to be in order. * * *

"I think that the Deed should be recorded. * * *"

The deed was not recorded, but after Earl had mailed the deed to Crocker, Crocker called Earl Werbe and received his consent to return the deed to Frederick Werbe.[2] This telephone call was made from the office of Price Dickson, an attorney, who had advised Frederick Werbe in his business affairs for many years.

Earl Werbe testified that Frederick Werbe had written him to return the deed.

1. The letter on yellow paper was never introduced in evidence and its contents are not known. A fair inference from the record identifies the "she" as Mrs. Holt.

2. Crocker testified that he called Earl Werbe because of repeated demands from Mrs. Holt for the return of the deed.

He did not produce the letter. He testified that following the telephone conversation with Crocker he talked with Frederick Werbe by long distance telephone and told him the deed should be recorded, that Mrs. Holt broke in on the conversation and promised that the deed would be recorded. A neighbor of Frederick Werbe claimed to have overheard this conversation—that Frederick Werbe told Earl that the deed to him would be recorded. This conversation loses significance since it occurred after Earl Werbe had returned the deed to Crocker in response to Crocker's letter transmitting it to Earl for "examination."

After the telephone conversation with Earl, Crocker, accompanied by Dickson, delivered the deed to Frederick Werbe at his residence. After Crocker left, Frederick Werbe destroyed the deed in Dickson's presence and instructed Dickson to prepare a deed conveying the real property to Mrs. Holt, and a new will devising his estate to her. Dickson prepared the deed and will as directed and both were duly executed on July 13, 1948. The will contained the following item:

"Jessie Holt has lived in our home for many years and cared for my wife during her lifetime and since then has acted as my housekeeper, and it is my desire that she be rewarded for her services and I, therefore, give, devise and bequeath to the said Jessie Holt all of my property, real, personal and mixed of whatsoever description or wheresoever located."

As originally prepared by Dickson the deed conveying the real property to Mrs. Holt contained no reservation of a life estate in the grantor. Frederick Werbe refused to sign the deed until Dickson had amended it to include this reservation. As amended and executed the deed was delivered to Mrs. Holt and by her placed of record on July 16, 1948. The recited consideration was $1 and other valuable considerations.

Following the death of Frederick Werbe in October 1948, Mrs. Holt, named as executrix in the will of July 13, 1948, presented it for probate in the State Probate Court. Earl Werbe, within the time allowed by law, appeared in the Probate Court to contest the will, alleging that it was the result of undue influence of Mrs. Holt on the testator at a time when he was lacking in testamentary capacity. Earl Werbe claimed the Werbe estate as the sole surviving heir at law. There were two trials of this will contest in the State Probate Court and two trials in the State Supreme Court, with the result that the will was sustained and Earl's contest dismissed.

About the same time that Earl Werbe instituted his action contesting the will in the Probate Court, he brought a separate action in the State Chancery Court against Mrs. Holt, attacking the deed to Mrs. Holt on the ground that it was void because of undue influence of the grantee over the grantor, and claiming title as the heir at law of Frederick Werbe. The prayer of the complaint in this action was that the deed to Mrs. Holt be cancelled as a cloud on Earl Werbe's title as Frederick Werbe's sole heir at law. Mrs. Holt's answer to this action was a denial of the allegations of the complaint, and a cross-complaint in which she alleged that she entered the employment of Frederick Werbe prior to March 1934 under an oral contract made at the time by which Frederick Werbe agreed that, if she would remain in his employment as housekeeper for the balance of his life, "he would give to her either by will or deed the property which he then owned and which is set forth in plaintiff's complaint, and all other property that he might own or possess at the time of his death." She alleged full performance of this agreement by the parties, Frederick Werbe's performance evidenced by the will and deed of July 13, 1948. She also alleged that in the event the will contest was determined adversely to her she was entitled to specific performance of the contract. The prayer of the cross-complaint was that "in the event for any reason the will of the deceased heretofore filed and probated in the Probate Court be held invalid that she have specific performance of the contract as herein alleged, and that the title in and to all the property

both real and personal owned by the deceased at the time of his death be vested in her."

After the filing of this cross-complaint Earl Werbe amended his original complaint to set up the deed of June 4, 1948, alleging that the deed was duly delivered and accepted by him, and that title to the real property in dispute thereby vested in him. This amended complaint concluded with the prayer that the alleged deed of July 13, 1948, to Mrs. Werbe be cancelled. This action in the State Chancery Court was held in abeyance pending the conclusion of the will contest.

When the will contest was decided against the contestant, Earl Werbe dismissed his action in the State Chancery Court and brought this action in the United States District Court. In the complaint in the District Court Earl Werbe relied upon the deed to him of June 4, 1948, alleging that the deed was duly delivered to and accepted by him; was returned to Frederick Werbe for the purpose of having it placed of record, "but the instrument was never recorded * * * and to the best of plaintiffs' knowledge has been lost or destroyed." The prayer of the action was for an order of the District Court establishing the deed of June 4, 1948; that plaintiff be decreed the legal owner of the premises conveyed; for a "writ of possession to oust the defendant from possession of the premises;" and for judgment against Mrs. Holt for reasonable rental value of the premises from October 21, 1948, the date of Frederick Werbe's death.

Mrs. Jessie Holt met the complaint in the District Court with a motion to stay proceedings, objecting to the District Court's jurisdiction to proceed with the trial on the ground that Earl Werbe's attempt to dismiss his action in the State Chancery Court was ineffectual and that his action, as well as the action stated in Mrs. Holt's cross-complaint, was an action in rem or quasi in rem, in which the State Chancery Court had first acquired possession and control of the property in litigation to the exclusion of the jurisdiction of the District Court.

Following the denial of the motion to stay proceedings in the District Court, Mrs. Holt answered, specifically denying the execution and delivery of the alleged deed of June 4, 1948, reaffirming her contract with Frederick Werbe and its full performance, and claiming the title to and right of possession of the real property in dispute. The District Court found the facts in dispute in favor of Earl Werbe; ruled that Frederick Werbe's deed of June 4, 1948, was delivered to and accepted by Earl Werbe, that title to and the right of possession of the property conveyed was vested in Earl Werbe; and entered its judgment establishing the deed of June 4, 1948, and awarding Earl Werbe judgment against Mrs. Holt for the rental value of the property in dispute from April 19, 1951, the date of the filing of the action in the District Court.

In No. 14,519 Mrs. Holt appeals from the judgment in favor of Earl Werbe. In No. 14,531, Earl Werbe appeals from the judgment in his favor for the rental value of the property in dispute.

On the conclusion we have reached, the only questions necessary for decision here are:

1. Whether the District Court committed reversible error in taking jurisdiction of the action in view of the institution of a related action in a State court before the action began in the District Court; and

2. Whether the evidence was sufficient to sustain the finding of the District Court that the deed of June 4, 1948, purporting to convey the real property in dispute was delivered by the grantor to the grantee with the intention to vest title immediately in the grantee.

1. Since the sum in controversy in the action in the United States District Court was in excess of $3,000, exclusive of interest and costs, and was between residents of different States, the action was within the jurisdiction of the District Court. The question is whether the District Court was precluded from exercising an admitted jurisdiction.

■ The rule is settled that the court, State or Federal, which first acquires jurisdiction in a proceeding in rem or quasi in rem retains jurisdiction to the exclusion of the other until final adjudication. "The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331; Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226. The rule is otherwise in actions strictly in personam. Redditt v. Hale, 8 Cir., 184 F.2d 443, 446; Princess Lida v. Thompson, supra, 305 U.S. at page 466, 59 S.Ct. 275, 83 L.Ed. 285. Nor does the rule as to priority of jurisdiction as between courts apply where the purpose of the action in the second court is merely to establish the right or interest of the plaintiff in property within the possession or control of the first court, so long as the second court does not interfere with the proceedings in the first court or with the control of the property in its custody. Markham v. Allen, supra, 326 U.S. at page 494, 66 S.Ct. 296, 90 L.Ed. 256; Penn General Casualty Co. v. Pennsylvania, supra, 294 U.S. at page 198, 55 S.Ct. 386, 79 L.Ed. 850. Even where the District Court has acquired jurisdiction prior to State proceedings, the proper exercise of the discretion of the District Court may require that jurisdiction be relinquished in favor of the State court. Markham v. Allen, supra, 326 U.S. at page 495, 66 S.Ct. 296, 90 L.Ed. 256; United States v. Bank of New York & Trust Co., supra, 296 U.S. at page 480, 56 S.Ct. 343, 80 L.Ed. 331.

■ Mrs. Holt contends that the action brought by Earl Werbe in the State court to cancel the deed of July 13, 1948, to her and her action on the cross-complaint for specific performance of her alleged contract with Frederick Werbe were actions in rem in which the State court acquired, upon the filing of the actions, the power of possession and control of the property in litigation by virtue of sections 29–126 and 29–127 of Arkansas Statutes, 1947, which provide:

"29–126. Passage of title by decree—Writ of possession issued.—In all cases where the court may decree the conveyance of real estate, or the delivery of personal property, they may, by decree, pass the title of such property, without any act to be done on the part of the defendant, where it shall be proper, and may issue a writ of possession, if necessary, to put the party in possession of such real or personal property, or may proceed by attachment or sequestration.

"29–127. Decree effective as conveyance.—When an unconditional decree shall be made for a conveyance, release, or acquittance, and the party required to execute the same shall not comply therewith, the decree shall be considered and taken to have the same operation and effect, and be as available as · if the conveyance, release or acquittance had been executed conformably to the decree."

The Supreme Court of Arkansas has so held. McLaughlin v. McCrory, 55 Ark. 442, 18 S.W. 762. Even if we concede that the object and purpose of Earl Werbe's action in the State Chancery Court were the same as in his action in the District Court, Mrs. Holt's contention here can not be sustained because Werbe's action in the State court was dismissed before his action was filed in the District Court, and because the so-called cross-complaint of Mrs. Holt for specific performance in the State court ac-

tion is not sufficient to invoke the jurisdiction of the State court over the property in controversy.

The Arkansas statute concerning the dismissal of actions (Arkansas Statutes, 1947, sections 27–1405, 27–1406, and 27–1407) provides:

"27–1405. Dismissal of actions.—An action may be dismissed without prejudice to a future action:

"First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court.

\* \* \* \* \* \*

"27–1406. Dismissal in vacation.— The plaintiff or his attorney may dismiss any suit pending in any of the courts of this State, except actions of replevin, in vacation, in the office of the clerk, on the payment of all costs that may have accrued therein.

"27–1407. Proceeding on set-off or counterclaim where plaintiff's action dismissed.—In any case where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear."

■ The record shows that counsel for Earl Werbe dismissed his action without prejudice in the State Chancery Court in vacation. The fact that the defendant had presented a so-called counterclaim did not prevent the dismissal. Norton v. Hutchins, 196 Ark. 856, 860, 120 S.W.2d 358, 360. There is no showing that any contention has been made in the State court that the dismissal in vacation was ineffective or that the State court has taken any action in regard to it as was the case in Rowell v. Rowell, 184 Ark. 643, 43 S.W.2d 243, decided before Norton v. Hutchins. In this situation we conclude that under Arkansas procedure the State action was dismissed before the Federal action was filed. This leaves for consideration the so-called cross-complaint.

The cross-complaint is in form a statement of intention to claim specific performance in the event of an adverse decision upon the question of undue influence involved in both the will contest and in the action brought by Earl Werbe in the State Chancery Court. The pleading does not invoke the jurisdiction of the court in an action for specific performance except upon a contingency which never occurred. When the question of undue influence was finally determined by the Supreme Court of Arkansas in favor of Mrs. Jessie Holt, her cross-complaint expired by its own terms. Both the Probate Court and the Chancery Court, although exercising entirely different jurisdictions, were presided over by the same judge. And since the presiding judge in the probate case had found against Earl Werbe on the question of undue influence and his judgment had been sustained by the Supreme Court of Arkansas, the reasonable inference is that his decision in the chancery case would have been the same on the same question.

■ We conclude that the so-called cross-complaint did not invoke the jurisdiction of the State court over the property in litigation to the exclusion of the right of the District Court to proceed with the trial of this action. In any event a determination of the District Court on the decisive issue in the action before it, that is the delivery of the deed of June 4, 1948, to Earl Werbe, would not have interfered with the jurisdiction of the State court in an action for specific performance. That action might have been maintained against Earl Werbe as a grantee in a deed without consideration with notice of the alleged contract between Mrs. Jessie Holt and Frederick Werbe to convey the property to her. While in the exercise of its discretion the District Court might have relinquished jurisdiction of the action before it in favor of the State court, it committed no reversible error in declining to do so.

■■ 2. Before turning to the merits of the case in the District Court, the manner in which this case was submitted requires comment. Doubtless influenced by a permitted State practice, counsel for both parties submitted the case on the typewritten transcript of the evidence heard in the State Probate Court in the will case. The result was the submission of this case in

the District Court upon depositions and the transcripts of evidence heard in another court in a case in which the decisive question in the Federal court, the delivery of the deed of June 4, 1948, was not involved. The procedure adopted is contrary to the long-established practice in Federal courts. Rules 26(d) (3), 43, and 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The result is that the trial judge was denied the opportunity to judge the credibility of the witnesses from their appearance on the stand. This court is denied the benefit of his judgment based on his observation of the witnesses in open court. State Farm Mutual Automobile Ins. Co. v. Bonacci, 8 Cir., 111 F.2d 412, 415. The Rules of Civil Procedure are not advisory merely. The value to the trier of the facts, whether judge or jury, of the opportunity to see and hear the witnesses is recognized in many cases. Compare Eccles v. Peoples Bank, 333 U.S. 426, 434, 68 S.Ct. 641, 92 L.Ed. 784; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470–472. Nevertheless, the findings of the trial court in this case are not to be set aside unless clearly erroneous as that expression is interpreted. Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138; Nee v. Linwood Securities Co., 8 Cir., 174 F.2d 434. And we take that view of the evidence and the inferences to be drawn from it most favorable to the prevailing party. Cleo Syrup Corp. v. Coca Cola Co., 8 Cir., 139 F.2d 416.

 The question of what constitutes an effective delivery of a deed has been before the Supreme Court of Arkansas in innumerable cases. While each case depends upon its own particular facts, there is no conflict in the Arkansas decisions concerning the controlling principle of law. The question of what is a delivery of a deed is sometimes a question of fact and sometimes a question of mixed law and fact. Controlling on the question of delivery under Arkansas decisions is the intent of the grantor and the grantee manifested at the time of the deposit of the deed that the title to the property described shall immediately pass to the grantee, and that the grantor's surrender of control and dominion over the deed itself is then complete and irrevocable. Woodruff v. Miller, 212 Ark. 191, 205 S.W.2d 181. In this case the court said, 212 Ark. 198, 205 S.W.2d 185:

"* * * There is no delivery unless what is said and done by the grantor and grantee manifests their intention that the deed shall at once become operative to pass title, and that the grantor shall lose dominion over the deed. * * *"

The court continued to say that the decisive question in the case before it was whether the grantee was "by any reasonable construction of the transaction" justified in believing that title passed immediately to him. In Van Huss v. Wootten, 208 Ark. 332, 186 S.W.2d 174, it is said that the presumption is that a deed was never delivered where the grantor died in possession of it, and that the burden in such a case is upon the grantee to prove an actual delivery of the deed and the grantor's intention to pass title at the time of delivery. Delivery of a deed to be effective must be irrevocable. A deposit of a deed with a third party with no directions to deliver it to the grantee is not an effective delivery. Rogers v. Snow Bros. Hdwe. Co., 186 Ark. 183, 52 S.W.2d 969. The intent of the grantor is to be inferred from his acts and words before, at the time of, and after the claimed delivery. Cavett v. Pettigrew, 182 Ark. 806, 32 S.W.2d 808, 809. The intention of the grantor is immaterial where the grantor retains control and dominion of the deed. Van Huss v. Wootten, supra, which is but another way of saying that an unexecuted intention to convey title is not effective. It remains merely an intention, subject to change by the grantor. "The grantor, by his acts or words, or both, must have manifested an intention to pass the title to the grantee, and the grantee must have intended to accept such deed in order to constitute a valid delivery and conveyance of title." Cleveland v. Breckenridge, 173 Ark. 387, 391, 292 S.W. 377, 378. Delivery of a deed to grantor's agent is effective as delivery to grantee only if the deed passes irrevocably beyond the control of the grantor. Lindsey v. Hornady, 215 Ark. 797, 223 S.W.2d 768. See also Ransom v. Ransom, 202 Ark. 123, 127, 149

S.W.2d 937, 939, quoting the early Arkansas case of Miller v. Physick, 24 Ark. 244, that "A deed to be operative must be delivered. The act of signing and sealing gives it no effect without delivery. The delivery is a substantive, specific, and independent act, which may be inferred from words alone, or from acts alone, or from both together, and though there is no particular form in which to make it, still enough must be done to show that the instrument was thereby considered to have passed beyond the legal control of the maker, or his power to revoke it." The court said that the holding in the Physick case has never been departed from or modified in any manner, but on the contrary is reaffirmed in many subsequent cases. From all the Arkansas decisions no evidence of intent on the part of the grantor or the grantee, and no evidence of a manual deposit of a deed with the grantee or with a third party, is sufficient to establish an effective delivery of the deed unless it also clearly appears that at the time of manual delivery or deposit the grantor irrevocably surrendered control over the instrument.

■ Applying these Arkansas cases to the evidence, we are forced to conclude that the finding of the District Judge that the deed of June 4, 1948, was delivered to Earl Werbe is erroneous. The strongest evidence in favor of delivery is the written instruction that Frederick Werbe gave to Crocker some time after the execution of the deed. But Crocker testified that Frederick Werbe told him that the deed was not to be recorded until after his death. Compare Van Huss v. Wootten, supra. The written directions to Crocker to send the deed to Earl Werbe and tell him to return it immediately "to have recorded" was no more than the expression of a present intention to complete delivery at some time in the future. It was, moreover, an express retention of control over the deed. That this is the only possible interpretation of the directions to Crocker is also shown by the fact that the grantor retained possession of the property described, kept the deed for some time after its execution in his safety deposit box, and did not record it at

the office of the recorder in Fayetteville before sending it to Earl for his examination. His intention, however strongly held at the time of the writing, was subject to change at the will of the grantor for any reason or for no reason. That it was completely abandoned in the most effective way possible is conclusively established by the grantor's destruction of the deed.

Crocker was not the agent of Earl Werbe. He was the agent of Frederick Werbe, subject to Frederick Werbe's instructions, and those instructions were at all times subject to Frederick Werbe's revision. Crocker sent the deed to Earl with instructions to examine it and return it immediately. Earl Werbe testified that he understood the deed was sent to him for examination. He did examine it, and he returned it to Crocker, stating that he had examined the deed and considered it in proper form. On any information he had at the time he could not have reasonably reached the conclusion that the deed was sent to him for his acceptance, and his return of the deed under the circumstances stated indicated that he did not accept delivery of it.

The deed to Earl Werbe if delivered would have deprived the grantor not only of title to the property but of the right to remain in possession. Frederick Werbe was not an ignorant man. He had bought and sold real property. He dealt in mortgages. That he understood fully the effect of the delivery of a deed in the form of that to Earl is shown by the fact that when the later deed to Mrs. Holt was prepared he declined to sign it until the reservation of a life estate in his favor was included in the deed. At the time of the execution of the deed to him Earl Werbe was approximately 39 years of age, the assistant manager of a department store, and in no need of assistance from the grantor. That Earl Werbe himself did not consider that an effective delivery of the deed had been made to him is also shown by the fact that instead of asserting title and right of possession under the deed at the time of the claimed delivery or at the time of Frederick Werbe's death, he based his claim to the estate of Frederick Werbe only upon his

rights as sole surviving heir, and never claimed under the deed until his attack on the will had been defeated.

All that the evidence establishes in favor of appellee, Earl Werbe, is that on June 4, 1948, Frederick Werbe entertained the intention that Earl should receive his estate after his death. Afterwards, for reasons unimportant here, he changed his mind as he had a right to do. Retaining control over the deed, his intention of June 4, 1948, was never carried out.

Since title to the property in dispute never vested in Earl Werbe, the judgment against Mrs. Jessie Holt for the rental value of the property during the litigation must also fall. And what has been said disposes of Earl Werbe's appeal from the same judgment on the ground that rent should have been allowed from the date of Frederick Werbe's death.

Reversed and remanded to the District Court with directions to dismiss the complaint.