218 So.2d 469 (1969)
DELTA RENT-A-CAR, INC., a Florida Corporation, and Klaus Henck, Appellants,
v.
Louise RIHL, Appellee.
No. 1450.
District Court of Appeal of Florida. Fourth District.
January 10, 1969.
Rehearing Denied February 26, 1969.
*470 Donald J. Lunny, of Sutton, James, Bielejeski & Lunny and George B. Pomeroy, Fort Lauderdale, for appellants.
Brian T. Hayes of Parkhurst & Hayes, and G.H. Martin, Fort Lauderdale, for appellee Rihl.
Richard G. Gordon and Edward A. Perse, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for appellee, Forelli.
OWEN, Judge.
This is an automobile negligence case involving rather bizzare facts. An automobile owned by appellant Delta was being driven in a southerly direction on Seabreeze Boulevard in the City of Fort Lauderdale, when it suddenly veered off the roadway, continued through the parking lot of the Bahia Mar Yacht Basin, and struck a concrete bench upon which Captain Harry W. Rihl, Jr. was seated, causing him fatal injuries. The driver, appellant Henck, stated that he was caused to suddenly swerve to the right [after which he lost control of the car as aforesaid] because a camper truck in the center lane, also south bound, abruptly changed lanes immediately in front of him. Decedent's widow brought the wrongful death action against the owners and operators of both vehicles. The jury trial resulted in a verdict for plaintiff against appellants only, the owner-operator of the camper truck (appellee Forelli) being exonerated from liability.
Having carefully considered the briefs and the record on appeal, we do not find that reversible error has been demonstrated as to the judgment for plaintiff against the appellants and we therefore affirm.
One point raised on appeal in connection with this case does merit a brief discussion. Plaintiff called as her first witness Officer Deaton of the Fort Lauderdale Police Department, who was the investigating police officer. It was not shown that he had any specialized training or experience which would qualify him as an accident reconstruction expert. He arrived at the scene 30 minutes after the accident occurred and he described the physical evidence of damage observed by him at the scene. When plaintiff's counsel sought an opinion from him as to how the accident occurred, appellants' objection was sustained. Thereafter, on cross-examination on behalf of co-defendant Forelli, and over appellants' timely objection, the court permitted Officer Deaton to express the opinion, based solely upon the physical evidence and the amount of damage visible at the scene, that the speed of appellants' vehicle when it left the roadway was a minimum of 50 miles per hour.
It was error to admit this opinion testimony. Not only was the witness not qualified in the field of accident reconstruction, but what is more important, assuming that he had been so qualified, there was a complete absence of accurate measurements and of numerous other factors and physical facts[1] which would necessarily have to be *471 known and be taken into consideration in order to arrive at a scientific determination of the speed of appellants' vehicle when it left the roadway.[2] There should have been [but there was not] proof of the facts necessary to support such opinion or conclusion and the opinion itself cannot constitute proof of such facts.[3] Essentially, the police officer was doing nothing more than making a guess which the jury was just as qualified to do.
Under the particular facts of this case as disclosed by the record, we conclude that such error was harmless. There were two eyewitnesses who estimated the speed of appellants' vehicle as being 50 miles per hour or more. Thus, the officer's opinion testimony was merely cumulative of other competent evidence to the same general effect.[4] Furthermore, and of considerable importance, the testimony of appellants' own driver was sufficient to demonstrate the negligence on his part. Assuming that he was in fact driving at the speed of 30 miles per hour as he testified, and that the Forelli camper truck changed lanes abruptly in front of him, he did not at any time apply or make an effort to use the brakes on the vehicle, either to avoid colliding with the camper truck or to bring the vehicle under control after he swerved from the roadway. Thus, the presence or absence of excessive speed on his part was not the only basis upon which the jury could properly have found him to be negligent.
The judgment is affirmed.
McCAIN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.
NOTES
[1] i.e.: The weight of appellants' vehicle and its occupants, the weight of a parked vehicle with which appellants' vehicle collided, the distance and direction such parked vehicle was moved, the condition of the paved surface of the parking area and its coefficient of friction, the tensile strength of a ten-inch square reinforced concrete post which was struck and broken by appellants' vehicle, and the amount of energy which was absorbed in the several collisions, to name a few.
[2] Myers v. Korbly, Fla.App. 1958, 103 So.2d 215; Kale v. Douthitt, 4 Cir.1960, 274 F.2d 476; Lacy, Automobile Accident Cases: Scientific Reconstruction.
[3] Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., Fla.App. 1963, 151 So.2d 453; Arkin Construction Company v. Simpkins, Fla. 1957, 99 So.2d 557.
[4] Atlantic Coast Line Railroad Co. v. Hilborn, Fla.App. 1967, 195 So.2d 596; Williamson Candy Co. v. Lewis, Fla.App. 1962, 144 So.2d 522; Myers v. Korbly, Fla.App. 1958, 103 So.2d 215.